453 So.2d 388 (1984)
Jimmy Lee SMITH, Appellant,
v.
STATE of Florida, Appellee.
No. 65561.
Supreme Court of Florida.
July 10, 1984.
Sarah Bleakley of Spriggs & Warren, Tallahassee, for appellant.
Jim Smith, Atty. Gen., and Raymond L. Marky, Asst. Atty. Gen., Tallahassee, for appellee.
PER CURIAM.
This case is before us on appeal from a dismissal with prejudice of Smith's second petition for post-conviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850. We also have before us a motion for stay of execution. We have jurisdiction. Art. V, § 3(b)(1), Fla. Const.
We previously affirmed the imposition of the death penalty in Smith v. State, 407 So.2d 894 *389 (Fla. 1981), cert. denied 456 U.S. 984, 102 S.Ct. 2260, 72 L.Ed.2d 864 (1982), and the denial of Smith's first petition for post-conviction relief in Smith v. State, 445 So.2d 323 (Fla. 1983), cert. denied ___ U.S. ___, 104 S.Ct. 2671, 81 L.Ed.2d 375 (1984) (Smith II). Smith also joined 122 others seeking relief from allegedly unconstitutional sentences of death, which claim was denied by Brown v. Wainwright, 392 So.2d 1327 (Fla.), cert. denied 454 U.S. 1000, 102 S.Ct. 542, 70 L.Ed.2d 407 (1981).
Smith presents six points in his second post-conviction petition. The trial court dismissed the petition "on grounds that this successive 3.850 motion is an abuse of the post-conviction process." We agree. All of the six points raised by Smith are issues which were or could have been raised on direct appeal and are thus foreclosed from consideration under post-conviction relief. McRae v. State, 437 So.2d 1388 (Fla. 1983).
Only two of Smith's arguments merit comment. Smith urges that the trial court erred in ruling that successive post-conviction motions are, per se, an abuse of process. Smith has misread the trial court's order which specifies that "this successive" (emphasis supplied) motion is an abuse of process. Smith also claims that certain psychiatric reports prepared on Smith when he was confined in a state juvenile facility were withheld by the state in violation of Brady v. Maryland, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963). The state disclaims any knowledge of the existence or content of these reports. Smith's argument is unpersuasive. The fact that Smith had been confined in a juvenile facility was a fact peculiarly within the knowledge of Smith and his trial counsel. Any alleged withholding of psychiatric reports concerning that detention could have and should have been raised at trial or on direct appeal. This is particularly true in this instance in light of the fact that Smith's psychological condition was addressed at trial and on direct appeal. Smith does not now claim ineffective assistance of counsel but we note that such claim was made and rejected in his first motion for post-conviction relief and that the first motion included a Brady claim that the state withheld statements made by his mother which would have added evidence in mitigation. We rejected the Brady claim because of procedural irregularities but went on to note that the claim was without merit because "Brady requires that the defendant not be aware of the withheld evidence before or during trial" and the allegedly withheld evidence "was obviously available to the appellant and to the trial counsel insofar as it involves appellant's own life story." Smith II at 326. For the same reason we now reject Smith's similar claim.
We find no error and affirm the order of the trial court dismissing Smith's motion for post-conviction relief. The motion for stay of execution is denied.
It is so ordered.
BOYD, C.J., and OVERTON, ALDERMAN, McDONALD, EHRLICH and SHAW, JJ., concur.