SHIVERS, Judge.
This is an appeal of the trial court’s denial, without hearing, of appellant/petitioner’s motion for post-conviction relief pursuant to Rule 3.850, Fla.R.Crim.P. We affirm.
The appellant in this case was originally charged, on April 14, 1982, with possession of cocaine and possession of a concealed firearm. After a non-jury trial on August 11, 1983 he was found guilty on both counts and was sentenced to consecutive five-year terms of imprisonment. Appellant’s direct appeal resulted in an affirmance by this court.
He then filed the instant motion for post-conviction relief, raising the following six grounds: (1) that the State of Florida waived its jurisdiction to hold and try appellant when the Governor of Florida signed a warrant, on July 11, 1983, for his extradition to a sister state; (2) that appellant was denied the right to select counsel of his choice when he was held without bail for a non-capital offense; (3) that the trial court failed to conduct a Richardson hearing and erroneously denied appellant’s renewed motion to suppress; (4) that Rule 3.191(g), Fla.R.Crim.P. is unconstitutional in part; (5) that per curiam affirmance opinions of the District Court constitute violations of equal protection; and (6) that the trial court imposed the maximum allowable sentence without benefit of a presen-tence investigation, where the State Attorney made false and misleading statements concerning petitioner’s past criminal record. The trial court denied appellant’s motion without a hearing, on November 13, 1984, and denied a motion for rehearing approximately two weeks later.
First, we affirm the denial of the motion as to Grounds 3, 4, and 6, as these were all issues which were raised on direct appeal. Rule 3.850; Smith v. State, 453 So.2d 388 (Fla.1984). Thus, only Grounds 1, 2, and 5 were properly considered by the trial court. Of those, Ground 5 is without merit. Likewise, Ground 2 does not substantially comply with the requirements of Rule 3.850(f), as it fails to contain a state *865 ment of the facts relied on in support of the ground. Majors v. State, 451 So.2d 536 (Fla. 1st DCA 1984).
Finally, the issue raised in Ground 1 is also without merit. Although there are apparently no Florida cases addressing this issue, the rule in most jurisdictions is that the issuance of an extradition warrant does not constitute a waiver of the asylum state’s jurisdiction. See, e.g., Cole v. Iowa, 374 N.W.2d 901 (Iowa 1985).
Therefore, the trial court’s denial of appellant’s 3.850 motion is AFFIRMED.
WENTWORTH and WIGGINTON, JJ., concur.