489 So.2d 22 (1986)
William D. CHRISTOPHER, Appellant,
v.
STATE of Florida, Appellee.
No. 66991.
Supreme Court of Florida.
June 5, 1986.
*23 Thomas R. Bolf of Ruden, Barnett, McClosky, Schuster and Russel, Fort Lauderdale, for appellant.
Jim Smith, Atty. Gen. and William E. Taylor, Asst. Atty. Gen., Tampa, for appellee.
ADKINS, Justice.
William D. Christopher appeals the trial court's denial of his second motion for post-conviction relief pursuant to Florida Rule of Criminal Procedure 3.850. The trial court denied relief on a strictly procedural basis, finding that Christopher's motion amounted to an abusive successive motion. We have jurisdiction pursuant to article V, section 3(b)(1) of the Florida Constitution and affirm the order of the trial court.
Christopher was convicted of two counts of first-degree murder and sentenced to death. We have previously affirmed Christopher's conviction and sentence, Christopher v. State, 407 So.2d 198 (Fla. 1981), cert. denied, 456 U.S. 910, 102 S.Ct. 1761, 72 L.Ed.2d 169 (1982), and denied his initial motion for post-conviction relief. Christopher v. State, 416 So.2d 450 (Fla. 1982).
The instant 3.850 motion attacks the procedural propriety of the confession suppression hearing and alleges that trial counsel was ineffective. In finding that the instant motion constitutes an abusive successive motion, the trial court noted that the only reason Christopher did not raise the procedural propriety of the confession suppression hearing in the initial 3.850 motion is that Christopher now has *24 new counsel who thought of this new argument. Implicit in the trial court's order is the judge's concern that any time a new attorney is assigned to a case he will discern an argument that did not occur to prior counsel. The trial court refused to hear the claim of ineffective assistance of trial counsel because it was raised and rejected in the initial motion. Further, the trial court denied Christopher's motion for an evidentiary hearing, noting that none is required because the merits of the argument were not reached.
It is well established that a court may refuse to address those issues contained in a motion for post-conviction relief that were raised on direct appeal or could have been raised on direct appeal. Sireci v. State 469 So.2d 119 (Fla. 1985); Smith v. State, 457 So.2d 1380 (Fla. 1984). This rule applies to both initial and successive motions for post-conviction relief. Smith v. State, 453 So.2d 388 (Fla. 1984).
Additional procedural bars exist that pertain only to successive motions for post-conviction relief. Prior to January 1, 1985, Florida Rule of Criminal Procedure 3.850 provided, in part: "The sentencing court shall not be required to entertain a second or successive motion for similar relief on behalf of the same prisoner." In McCrae v. State, 437 So.2d 1388 (Fla. 1983), we interpreted this provision to mean that the sentencing court may summarily dismiss those issues raised in a second motion for post-conviction relief that had previously been adjudicated on their merits. We further held that the sentencing court may not summarily dismiss a successive motion for post-conviction relief that raises issues that were either summarily denied or dismissed for legal insufficiency in the initial motion.
Rule 3.850 was recently amended and now provides in relevant part:
A second or successive motion may be dismissed if the judge finds that it fails to allege new or different grounds for relief and the prior determination was on the merits or, if new and different grounds are alleged, the judge finds that the failure of the movant or his attorney to assert those grounds in a prior motion constituted an abuse of the procedure governed by these rules.
Thus, rule 3.850 now allows, in certain circumstances, the sentencing court to summarily dismiss a successive motion for post-conviction relief that raises a new ground that was not previously decided on its merits.
Abuse of the procedure doctrine existed in Florida before the recent amendment to rule 3.850. However, the doctrine was previously limited to providing for summary dismissal of issues contained in a successive motion that were or could have been raised on direct appeal, Smith v. State, 453 So.2d 388 (Fla. 1984); State v. Washington, 453 So.2d 389 (Fla. 1984), and those issues which had previously been decided on their merits. McCrae. The abuse of the procedure doctrine, as recently codified in rule 3.850, is now expanded to allow a court to summarily deny a successive motion for post-conviction relief unless the movant alleges that the asserted grounds were not known and could not have been known to the movant at the time the initial motion was filed. Further, the movant must show justification for the failure to raise the asserted issues in the first motion. Witt v. State, 465 So.2d 510, 512 (Fla. 1985).
The sentencing court properly denied relief on the ground that Christopher's motion was an abusive successive motion. In fact, we would uphold the court's order even if Christopher's motion was filed prior to the amendment to rule 3.850. The claim attacking the procedural propriety of the confession suppression hearing, although never expressly decided on the merits, could have been raised on direct appeal and is therefore barred. The claim of ineffective assistance of counsel is barred because it was previously addressed on the merits. The fact that Christopher is now, for the first time, alleging that trial counsel was ineffective during the confession suppression hearing does not alter our conclusion that this claim has already been decided on *25 the merits. Where an initial motion for post-conviction relief raises the claim of ineffective assistance of counsel, the trial court may summarily deny a successive motion which raises additional grounds for ineffective assistance of counsel. Dobbert v. State, 456 So.2d 424 (Fla. 1984); Sullivan v. State, 441 So.2d 609 (Fla. 1983).
Since the finding of abuse is supported under rule 3.850 as it existed prior to the recent changes, obviously, a finding of abuse is supported under the revised rule 3.850 which narrowed the grounds which may be alleged in a successive motion for post-conviction relief. Thus, even if we were to accept Christopher's assertion that the procedural propriety of the confession suppression hearing could not have been raised on direct appeal, the motion is abusive because Christopher has failed to assert that he did not know and could not have known about the facts supporting this claim at the time he filed his initial motion for relief. Similarly, even if we were to accept Christopher's claim that his allegations supporting his claim of ineffective assistance of counsel were not previously decided on the merits, the motion is abusive because Christopher has failed to assert that he did not know and could not have known about the facts supporting this claim at the time he filed his initial motion for relief.
We find no need for an evidentiary hearing in this matter because the motion conclusively shows that Christopher is not entitled to relief. Porter v. State, 478 So.2d 33 (Fla. 1985); Middleton v. State, 465 So.2d 1218 (Fla. 1985).
Christopher asserts that the abuse provisions of rule 3.850, which became effective on January 1, 1985, cannot be retroactively applied to his case. Christopher claims that the amendment was retroactively applied to his case despite the fact that his second motion was filed after the effective date of the amendment. Christopher points to the fact that his initial motion was filed before the change of law and at the time he filed his initial motion he was unaware of the fact that he had to allege all of his claims for relief. Christopher's argument is misplaced for two reasons. First, we have already noted that Christopher's second motion constitutes an abusive motion pursuant to the law as it existed prior to the 1985 amendment. Thus, we need not apply the amendment to dispose of Christopher's claim. Second, the 1985 amendment to rule 3.850, found in the Florida Rules of Criminal Procedure, is procedural in nature and therefore may be applied retroactively. Cf. State v. Jackson, 478 So.2d 1054 (amendments to the sentencing guidelines may be applied retroactively); Combs v. State, 403 So.2d 418 (Fla. 1981), cert. denied, 456 U.S. 984, 102 S.Ct. 2258, 72 L.Ed.2d 862 (1982); Smith v. State, 424 So.2d 726 (Fla. 1982), cert. denied, 462 U.S. 1145, 103 S.Ct. 3129, 77 L.Ed.2d 1379 (1983) (the cold, calculated and premeditated aggravating circumstance may be retroactively applied in a capital case).
Accordingly, the trial court order denying Christopher's motion for post-conviction relief is affirmed.
It is so ordered.
BOYD, C.J., and OVERTON, McDONALD, EHRLICH and SHAW, JJ., concur.
BARKETT, J., concurs in result only.