495 So.2d 164 (1986)
Roy Allen STEWART, Appellant,
v.
STATE of Florida, Appellee.
No. 69387.
Supreme Court of Florida.
October 1, 1986.
Bennett H. Brummer, Public Defender, Eleventh Judicial Circuit and Robin H. Greene, Special Asst. Public Defender, Coral Gables, for appellant.
Jim Smith, Atty. Gen. and Calvin L. Fox, Asst. Atty. Gen., Miami, for appellee.
*165 PER CURIAM.
Stewart, currently under a death warrant, appeals the trial court's denial of his Florida Rule of Criminal Procedure 3.850 motion for post-conviction relief and requests a stay of execution. We have jurisdiction. Art. V, § 3(b)(1), Fla. Const.; Fla. R.Crim.P. 3.850. We affirm the trial court's order denying relief and deny the requested stay.
In his 3.850 motion Stewart claimed that the death penalty is improperly imposed in Florida in a racially discriminatory manner. The trial court found Stewart to be procedurally barred from raising that claim in this, his second, 3.850 motion. On appeal Stewart argues that this claim should not be summarily dismissed and that his failure to raise the issue previously does not constitute an abuse of procedure.
In The Florida Bar re Amendment to Rules of Criminal Procedure (3.850), 460 So.2d 907, 908 (Fla. 1984), this Court amended rule 3.850 to read, in part: "A second or successive motion may be dismissed if ..., if new and different grounds are alleged, the judge finds that the failure of the movant or his attorney to assert those grounds in a prior motion constituted an abuse of the procedure governed by these rules." Moreover, in Christopher v. State, 489 So.2d 22 (Fla. 1986), we held that, because we are dealing with a rule of procedure, the abuse of procedure amendment to rule 3.850 may be applied retroactively.
Since Henry v. State, 377 So.2d 692 (Fla. 1979), we have held that the instant claim is cognizable in a 3.850 proceeding. Stewart's first death warrant, signed in 1984, prompted his first 3.850 motion, in which he raised a single claim alleging trial counsel's ineffectiveness. Stewart v. State, 481 So.2d 1210 (Fla. 1985). At that time the instant claim had been found to be cognizable for at least six years.
Stewart's current argument that he could not raise this issue in his first 3.850 motion because it could not be pleaded adequately at that time is without merit. In Christopher we stated that a successive motion could be denied "unless the movant alleges that the asserted grounds were not known and could not have been known to the movant at the time the initial motion was filed." 489 So.2d at 24. That Stewart has found yet another study which, he contends, now demonstrates the merit of his claim does not excuse his failure to raise the issue in a more timely manner, i.e., two years ago. Stewart has shown no justification for his failure to raise this issue in his first motion. Witt v. State, 465 So.2d 510 (Fla. 1985). We therefore agree that Stewart is procedurally barred from raising this issue now,[*] and we affirm the trial court's order and deny the requested stay of execution. The application for stay pending petition for writ of certiorari is denied also.
It is so ordered.
McDONALD, C.J., and ADKINS, BOYD and EHRLICH, JJ., concur.
OVERTON, SHAW and BARKETT, JJ., concur in result only.
NOTES
[*] Were we to reach the merits of this claim, we would rule against Stewart as we have against others who have raised this issue. E.g., Smith v. State, 457 So.2d 1380 (Fla. 1984); State v. Henry, 456 So.2d 466 (Fla. 1984); Meeks v. State, 382 So.2d 673 (Fla. 1980).