DELL, Judge.
Petitioner, Alphonso McBride, filed an appeal from the trial court’s order denying relief, which this court treated as a petition for writ of habeas corpus seeking the right to file a belated appeal. We remanded this case to the trial court for appointment of a commissioner to make evidentiary findings on the issues raised by petitioner. Based on the commissioner’s report, we grant the petition for belated appellate review of the trial court’s order dated January 8, 1987, which denied petitioner’s motion for post-conviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850.
We hold that the trial court erred when it concluded that petitioner’s motion for post-conviction relief should be denied because it was filed more than two years after his judgment and sentence became final. However, we affirm the denial of the motion because it is improper in other respects. See Grant v. State, 474 So.2d 259, 260 (Fla. 1st DCA 1985) (appellate court will not reverse when the trial court reaches the right result for the wrong reason).
Petitioner originally filed a motion for post-conviction relief and accompanying memorandum on March 8, 1983. On January 11, 1984, the trial court denied the motion and stated its reasons for denial of each ground raised by petitioner. Petitioner failed to timely appeal and this court by order denied his petition for writ of habeas corpus for belated appellate review.
The present motion for post-conviction relief refers to an attached, unsworn memorandum that contains the factual allegations which petitioner asserts in support of his motion for post-conviction relief. We held in Daniels v. State, 450 So.2d 601 (Fla. 4th DCA 1984) that an unsworn memorandum cannot be considered by the trial court. In Daniels, we affirmed the trial court’s denial of the motion for post-conviction relief without prejudice to the petitioner to file a properly sworn motion. However, the present motion for post-conviction relief and memorandum contain the identical arguments considered by the trial court in 1983. Therefore, the motion is clearly an improper, successive request for relief. *1114 See Stewart v. State, 495 So.2d 164 (Fla.1986) and Christopher v. State, 489 So.2d 22 (Fla.1986). Accordingly, we affirm the trial court’s denial of petitioner’s motion for post-conviction relief.
AFFIRMED.
DOWNEY and GLICKSTEIN, JJ., concur.