POLEN, Judge.
This is an appeal from the trial court’s order denying appellant’s rule 3.850 motion. Although the trial court’s order does not expressly so state, it appears the order is in agreement with the appellee’s response that appellant’s 3.850 motion was an impermissible successive motion. Stewart v. State, 495 So.2d 164 (Fla.1986); and Christopher v. State, 489 So.2d 22 (Fla.1986). We find the state is incorrect in this assertion, and reverse.
Appellant originally pled guilty to trafficking in cocaine and possession of cocaine in two separate cases, and was sentenced to a fifteen-year mandatory minimum for the trafficking, and a year and a day in state prison for possession. Following an unsuccessful attempt to vacate under rule 3.850, appellant filed a second 3.850 motion December 6, 1987, which was granted and the sentence vacated. The record suggests that the sentence was vacated in order to afford appellant the opportunity to receive a reduced sentence in exchange for substantial assistance under the provisions of' section 893.135(4), Florida Statutes (1987). Then on March 18, 1988, apparently having failed to provide such assistance, appellant was resentenced to the same fifteen-year mandatory minimum. In August 1989, he *1326 filed a third motion for relief under rule 3.850, identical in wording to the successful 3.850 motion filed December 6, 1987. The August 1989 motion resulted in the order of denial now under appeal.
Since appellant’s original sentence had been vacated, pursuant to the second rule 3.850 motion, and a new sentence (albeit the same sentence) imposed in March 18, 1988, the pending 3.850 motion now on review cannot be said to be an impermissible successive motion. Since it goes to a newly imposed sentence, the trial court must consider the merits of said motion anew.
It was error for the trial court to summarily deny the motion. We remand for the trial court to either hold an evidentiary hearing thereon, or in the alternative, to attach portions of the record which would refute the allegations contained in appellant’s motion.
WALDEN, J., concurs.
ANSTEAD, J., dissents with opinion.