PER CURIAM.
Joseph O. McCallum, appellant, appeals an order summarily denying his Florida Rule of Criminal Procedure 3.850 motion for postconviction relief. We reverse and remand.
Appellant entered a nolo contendere plea to one count of second degree murder with a firearm and two counts of armed burglary. He was sentenced on December 28, 1990, pursuant to a negotiated plea agreement, to concurrent terms of sixty years in prison, with a three-year mandatory minimum for use of a firearm.[1] He *159 did not file a direct appeal, so the time for filing a Rule 3.850 motion expired in January, 1993.
Since February 18, 1994, when he filed his first Rule 3.800(a) motion to correct illegal sentence, appellant has argued (1) the sentence imposed for the second degree murder was illegal because it exceeded the statutory maximum term of years for a life felony at the time the offense was committed, see § 775.082(3)(a), Fla. Stat. (1989), and (2) the two concurrent sixty-year terms for armed burglary were illegal because they were based on the illegal term for the primary offense. This court affirmed the summary denial of that motion. See McCallum v. State, 644 So.2d 326 (Fla. 4th DCA 1994). Appellant’s claims, both in the lower tribunal and on appeal, were regularly denied until counsel was appointed to represent him on a pro se motion for clarification of judgment and sentence which he filed on May 14, 2000. Pursuant to a stipulated agreement, he was resentenced on October 27, 2000, to the maximum possible sentence for the murder charged in count I, which was forty years in prison with a three-year mandatory minimum.
No appeal was taken from the resen-tencing order, but on April 23, 2001, within two years of the resentencing becoming final, appellant filed the instant sworn pro se motion for postconviction relief, in which he sought to withdraw his plea, claiming he was wrongfully induced to plead to an illegal sentence based on the misadvice of counsel. He alleged the murder charge was the primary offense and no specific sentence was discussed in connection with the two burglary charges; rather, he was to be sentenced on them merely concurrently to the primary charge. Had appellant been correctly advised the maximum possible sentence for the murder was forty years in prison, he would not have agreed to be sentenced to sixty years in prison for each of the burglaries. The trial court summarily denied the motion as untimely, successive, and procedurally barred. This appeal followed.
Under these unique circumstances, we disagree with the conclusion of the lower tribunal that the motion was untimely under Rule 3.850(b) where it was filed more than two years after the time for taking an appeal from the initial judgment and sentencing expired. The trial court’s reduction of the murder sentence to forty years was a fact which appellant could not have ascertained within two years of the original sentencing proceeding. See Fla. R.Crim. P. 3.850(b)(1) (recognizing exception to the two-year time limit when motion alleges “the facts on which the claim is predicated were unknown to the movant or the movant’s attorney and could not have been ascertained by the exercise of due diligence”). The violation of the plea agreement, which allegedly included no separate provision concerning sentencing for the burglary charges other than they would be concurrent to the murder sentence, and/or counsel’s misadvice as to the legality of the original sentence, could not have been ascertained prior to the time of resentencing. As such, the motion was timely filed within two years of the time for taking an appeal from the resentenc-ing. See Porter v. State, 561 So.2d 1325, 1326 (Fla. 4th DCA 1990).
Appellant’s motion also is not successive to his earlier motions, see Fla. R.Crim. P. 3.850(f), some of which raised related issues, as all were filed prior to the time the trial court recognized the illegality of the sixty-year murder sentence. The claim is neither the same as a previously asserted claim, nor is it one that could have been asserted in one of appellant’s prior motions, because it depended upon the resentencing.
*160 Accordingly, we reverse and remand for the trial court to consider the motion on the merits.
POLEN, C.J., WARNER and KLEIN, JJ., concur.

. He also pleaded to one count of grand theft, to which he was sentenced to five years in prison, concurrently. That count is not at issue in the instant case.