WARNER, J.
We affirm the trial court’s order denying appellant’s second and successive motion for postconviction relief. The court held that it was not based on “newly discovered” evidence and was an abuse of process.
Appellant was convicted of burglary of a dwelling while armed with a firearm and aggravated battery with a firearm. His defense was misidentification. Briefly, the evidence at trial demonstrated that on August 9, 1996, victim William Bailey (“Bailey”) was at home with his girlfriend and a friend. Bailey had been drinking. At some point during the evening, Bailey heard a knock on his door. He testified that it was appellant. Appellant produced a firearm from his waistband and demanded money owed to him by Bailey. A struggle ensued between appellant, Bailey, and Bailey’s friend. Shots were fired by appellant and Bailey returned fire. Bailey was shot in the hip. The jury found appellant guilty as charged'and the trial court sentenced appellant to life in prison as a habitual violent felony offender.
In 1999, appellant filed a motion for postconviction relief alleging ineffective assistance of counsel. While the trial court denied relief, we reversed for an evidentia-ry hearing. See Harley v. State, 753 So.2d 693, 694 (Fla. 4th DCA 2000). At the evidentiary hearing on the issue of whether defense counsel was ineffective for not pursuing a voluntary intoxication defense, appellant’s counsel presented the testimony and affidavit of Clister Winston (‘Winston”), Bailey’s girlfriend. Winston testified that she was in the bedroom of the home on the date of the incident, watching television with Bailey and his friend. She heard a knock on the door. In her affidavit, she attested that a few minutes later, Bailey came running into the bedroom for *753 a gun and headed toward the back door. She was in view of the door and knew that no one, including appellant, entered the house. Winston concluded by saying, “I would have came forward a long time ago, but the state told me that they didn’t need my testimony.” Winston testified at the evidentiary hearing that she did not actually witness the shootings and did not know appellant prior to the incident. She also testified that what she witnessed was Bailey firing out of the door.
After the evidentiary hearing on May 26, 2000, the trial court took further testimony and argument before ultimately denying the postconviction motion on August 30, 2000. Not until November 2001 did appellant file a second motion for post-conviction relief alleging that Winston’s testimony was Brady[1] evidence that the state failed to disclose and would have constituted impeachment evidence to Bailey’s testimony that appellant entered the home and shot Bailey, thus discrediting the burglary charge.
We agree with the trial court that the motion was untimely and an abuse of process. Winston was known to be a witness to these proceedings before the trial commenced, and defense counsel could have discovered the substance of her testimony within the time period for bringing a Rule 3.850 motion. Moreover, Winston’s affidavit and testimony were presented at the prior proceeding. Appellant could have amended his motion for postconviction relief to allege the information put forth by Winston before the court ruled and within the time limitation of a rule 3.850 motion, yet he failed to do so. In Foster v. State, 614 So.2d 455, 458 (Fla.1992), the court held:
A successive motion may be dismissed if it fails to allege new or different grounds for relief and the prior determination was on the merits or, if new and different grounds are alleged, the failure to raise those issues in a prior motion constitutes an abuse of process. Fla. R.Crim. P. 3.850. To overcome this bar, a movant must allege that the grounds asserted were not known and could .not have been known to him at the time of the earlier motion. Christopher v. State, 489 So.2d 22, 24 (Fla.1986). The movant must show justification for the failure to raise the issues in the prior motions. Id.
(Emphasis added). Here, as in Foster, the evidence upon which appellant now relies in his successive motion was not only known, it was introduced during the evi-dentiary hearing on his first motion. As such, appellant is procedurally barred from bringing this second, successive motion. See Jones v. State, 591 So.2d 911, 916 n. 2 (Fla.1991). The trial court correctly denied relief.
Affirmed.
POLEN and SHAHOOD, JJ„ concur.

. Brady v. Maryland, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963). The following are the three components of a true Brady violation: "[1] The evidence at issue must be favorable to the accused, either because it is exculpatory, or because it is impeaching; [2] that evidence must have been suppressed by the State, either willfully or inadvertently; and [3] prejudice must have ensued.” Way v. State, 760 So.2d 903, 910 (Fla.2000) (citing Strickler v. Greene, 527 U.S. 263, 281-82, 119 S.Ct. 1936, 144 L.Ed.2d 286 (1999)). "[T]he defendant must show that 'the favorable evidence could reasonably be taken to put the whole case in such a different light as to undermine confidence in the verdict.’ ” Rose v. State, 774 So.2d 629, 634 (Fla.2000) (quoting Kyles v. Whitley, 514 U.S. 419, 435, 115 S.Ct. 1555, 131 L.Ed.2d 490 (1995)).