PER CURIAM.
 

 Albert Dennis (Defendant) appeals an order denying his motion to correct illegal sentence, filed pursuant to rule 3.800(a), Florida Rules of Criminal Procedure, challenging the imposition of a mandatory life sentence as a prison releasee reoffender (PRR), pursuant to section 775.082(9), for the offense of burglary of a structure with a battery.
 

 The trial court's order of denial confirms that the offense was burglary of a structure with a battery, but asserts that this is an enumerated offense set forth in the PRR statute. It is not; burglary of a structure is enumerated only if the offender was armed or the structure was occupied. § 775.082(9)(a)l & (9)(a)l. p & q, Fla. Stat. (2004).
 

 The order also explained the sentence was not illegal because the PRR statute does not require Defendant to serve any additional prison time beyond the statutory maximum. However, this court has held that the PRR designation may be challenged in a rule 3.800(a) motion, even if the sentence was a legal one.
 
 See Gorham v. State,
 
 988 So.2d 152 (Fla. 4th DCA 2008) (reversing the denial of a rule 3.800(a) motion, where the defendant was sentenced to a mandatory life sentence as a PRR for burglary of a conveyance with an assault or battery, because that offense did not qualify for PRR sentencing, and remanding for de novo resentencing).
 

 In response to this court’s order to show cause, the state has submitted documents that suggest Defendant actually was adjudicated guilty, as charged, of burglary of an occupied structure with a battery. However, it is the trial court that must attach portions of the record conclusively refuting the claim; the state’s attempt to provide them for the first time on appeal is improper.
 

 Accordingly, we reverse and remand for the attachment of portions of the record that conclusively refute Defendant’s claim or for any other appropriate relief.
 
 See Martone v. State,
 
 922 So.2d 404 (Fla. 4th DCA 2006).
 

 Reversed and Remanded for further proceedings.
 

 POLEN, WARNER and DAMOORGIAN, JJ., concur.