[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-12088
Non-Argument Calendar
_____

D.C. Docket No. 1:13-cv-21884-DLG

CHARLES J. EATO,

Petitioner-Appellant,

versus

SECRETARY, DEPARTMENT OF CORRECTIONS,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(July 28, 2015)

Before MARCUS, WILLIAM PRYOR, and ANDERSON, Circuit Judges.

PER CURIAM:

Charles J. Eato, a state prisoner represented by counsel, appeals the district court's denial of his petition for a writ of habeas corpus under 28 U.S.C. § 2254 and the dismissal without prejudice of his motion for newly-discovered evidence and fraud upon the court under Federal Rule of Civil Procedure 60(d).  On appeal, Eato argues that he exhausted his claims before the Florida state courts by filing certain motions before his trial that were "within the spectrum" of the claims in his § 2254 petition.  After careful consideration of the briefs and the record, we affirm.

We review *de novo* a district court's grant or denial of a habeas corpus petition.  *Ward v. Hall*, 592 F.3d 1144, 1155 (11th Cir. 2010).  Before bringing a habeas corpus action in federal court, the petitioner must exhaust all state court remedies available for challenging his conviction.  28 U.S.C. § 2254(b)(1)(A), (c).  Federal courts may treat unexhausted claims as procedurally defaulted, even absent a state court determination to that effect, if it is clear from state law that any future attempt at exhaustion would be futile.  *Bailey v. Nagle*, 172 F.3d 1299, 1305 (11th Cir. 1999).  In Florida, a motion for postconviction relief cannot be "based on grounds that could have or should have been raised at trial and, if properly preserved, on direct appeal of the judgment and sentence."  Fla. R. Crim. P. 3.850(c); *Smith v. State*, 453 So. 2d 388, 389 (Fla. 1984).

Eato raises seven claims in his petition: (1) the insufficiency of the charging document violated his constitutional rights; (2) the trial court's violation of Florida

2

Rule of Criminal Procedure 3.220 constituted a substantial violation of his constitutional rights; (3) the trial court violated his constitutional rights by circumventing the rules and procedures for *Frye*[1] requirements and admitting DNA evidence; (4) the trial court erred by denying his pretrial motion to dismiss for entrapment by estoppel; (5) the trial court erred by denying a requested jury instruction based on entrapment by estoppel; (6) the prosecutor made improper comments during closing argument that deprived Eato of his fundamental right to a fair trial; and (7) the trial court circumvented Florida law, which resulted in cumulative error.  All of the claims could have been brought on direct appeal, but Eato did not respond to his appointed attorney's *Anders*[2] brief.  Eato, therefore, failed to exhaust his remedies in the state courts, so his claims are procedurally defaulted.  The district court correctly denied his § 2254 petition and dismissed his Rule 60 motion.  28 U.S.C. § 2254(b)(1)(A).

      **AFFIRMED.**

---

[1]    *Frye v. United States*, 293 F. 1013 (D.C. Cir. 1923).

[2]    *Anders v. California*, 386 U.S. 738 (1967).

3