[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 16-15688
Non-Argument Calendar
_____

D.C. Docket No. 1:14-cv-22793-JAL

CHARLES J. EATO,

Petitioner-Appellant,

versus

SECRETARY, FLORIDA DEPARTMENT OF CORRECTIONS,
ATTORNEY GENERAL, STATE OF FLORIDA,

Respondents-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(October 30, 2017)

Before MARCUS, JULIE CARNES, and FAY, Circuit Judges.

PER CURIAM:

Petitioner Charles Eato, a Florida prisoner proceeding *pro se*, appeals the district court's dismissal of his petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. On appeal, Petitioner argues that the district court erred by dismissing his petition for lack of subject-matter jurisdiction on the basis that he did not meet the "in custody" requirement. He also asserts that the untimeliness of his § 2254 petition should be excused because he is actually innocent. After careful review, we affirm.

## I.    BACKGROUND

### A.    State Criminal Conviction and Post-Conviction Proceedings

In March 2003, the State of Florida charged Petitioner in a six-count information in case no. 2288 with armed robbery, armed burglary, kidnapping with a weapon, and armed carjacking. While those charges were still pending, Petitioner was convicted by a jury in 2010 in another robbery case, case no. 2289.[1]

Shortly thereafter, on July 12, 2010, Petitioner entered an *Alford*[2] plea in case no. 2288—the convictions subject to the present appeal—to all of the charges in the information. Petitioner was sentenced to 7 years on each count, to run concurrently, with credit for 2727 days (approximately 7.4 years) of time served.

---

[1] We affirmed the district court's denial of Petitioner's § 2254 petition challenging the convictions in case no. 2289. *See Eato v. Sec'y, Dept. of Corr.*, 610 Fed. App'x 954 (11th Cir. 2015).

[2] *North Carolina v. Alford*, 400 U.S. 25 (1970).

In December 2010, Petitioner filed a "Motion for Arrest of Judgment or Vacate, Set Aside Judgment, Correct Illegal Sentence 3.850." The Florida trial court construed the motion as one filed pursuant to Florida Rule of Criminal Procedure 3.590(a) and denied the motion as untimely. Petitioner filed a motion for reconsideration or rehearing, which was denied on May 6, 2011.

In August 2013, Petitioner filed a state petition for writ of habeas corpus. After the Florida trial court denied that petition, Petitioner filed a petition for writ of habeas corpus in the Third District Court of Appeal. The Florida appellate court denied the motion in April 2014.

## B.    Federal Habeas Petition

On July 29, 2014, Petitioner filed the present § 2254 petition challenging his convictions in case no. 2288. A magistrate judge subsequently issued a Report and Recommendation ("R&R"), recommending that the district court deny his § 2254 petition. First, the magistrate judge concluded that Petitioner could not meet the "in custody" requirement under § 2254(a) because he was no longer in custody for the state judgment that he was challenging. Nevertheless, even if Petitioner could meet the "in custody" requirement, the magistrate judge determined that his § 2254 petition was time-barred. The magistrate judge next determined that Petitioner was not entitled to equitable tolling, nor had he set forth any evidence of actual

3

innocence.  Accordingly, the magistrate judge recommended that the district court deny the § 2254 petition.

Petitioner objected to the R&R, challenging in relevant part the magistrate judge's conclusion that he had failed to establish a claim of actual innocence as a "gateway" into federal court.  Over Petitioner's objections, the district court adopted the R&R and dismissed the § 2254 petition for lack of subject-matter jurisdiction.  The district court reiterated the magistrate judge's conclusions and noted that Petitioner could not establish actual innocence because the evidence he proffered was not newly discovered.  This appeal followed.

## II.    **DISCUSSION**

We review the district court's dismissal of a 28 U.S.C. § 2254 petition *de novo*.  *Rozzelle v. Sec'y, Fla. Dept. of Corr.*, 672 F.3d 1000, 1009 (11th Cir. 2012).

Section 2254(a) of Title 28 provides in relevant part that:

[A] district court shall entertain an application for a writ of habeas corpus in behalf of a person *in custody* pursuant to the judgment of a State court only on the ground that he is *in custody* in violation of the Constitution or laws or treaties of the United States.

28 U.S.C. § 2254(a) (emphasis added); *see also* 28 U.S.C. § 2241(c)(3) ("The writ of habeas corpus shall not extend to a prisoner unless . . . [h]e is in custody in violation of the Constitution or laws or treaties of the United States.").  The "in custody" requirement has been interpreted to mean "that the habeas petitioner

4

[must] be 'in custody' under the conviction or sentence under attack at the time his petition is filed." *Maleng v. Cook*, 490 U.S. 488, 490–91 (1989).

Where a prisoner's sentence is completely expired, the mere possibility that his prior conviction will be used to enhance a future sentence is insufficient to satisfy the "in custody" requirement. *Id.* at 491–92. Nevertheless, the Supreme Court acknowledged that a prisoner could meet the "in custody" requirement if his habeas petition presents an argument challenging a current sentence on the basis that it was enhanced by an invalid prior conviction.[3] *Id.*; *see also Lackawanna Cty. Dist. Att'y v. Coss*, 532 U.S. 394, 402 (2001).

Here, the district court properly determined that it lacked jurisdiction over Petitioner's § 2254 petition challenging his judgment in case no. 2288 because Petitioner was not "in custody" for his convictions in that case. *See Stacey v. Warden, Apalachee Corr. Inst.*, 854 F.2d 401, 402–03 (11th Cir. 1988) (stating that satisfaction of the "in custody" requirement bears on the district court's subject-matter jurisdiction over a habeas petition). Petitioner was sentenced in case no. 2288 on July 12, 2010 to seven years' imprisonment and was awarded more than seven years of credit for time served. Stated another way, Petitioner's sentence effectively expired on the date of sentencing because he was credited with more

---

[3] To the extent Petitioner raised any argument before the district court that his convictions in case no. 2288 were used to enhance his sentence in case no. 2289, he has abandoned any such argument on appeal. *See Timson v. Sampson*, 518 F.3d 870, 874 (11th Cir. 2008) (explaining that issues not raised on appeal are abandoned).

time than the sentence that was actually imposed by the Florida trial court.  Indeed, at sentencing, the Florida trial court stated that it was sentencing Petitioner to "seven years . . . with all credit time served obviously from November 24th of '03. He has already got more than that."

Although Petitioner may have been incarcerated at the time he filed his § 2254 petition, he was not "in custody" pursuant to the judgment in case no. 2288. *See Maleng*, 490 U.S. at 491–92.  Accordingly, the district court properly determined that it lacked subject-matter jurisdiction over Petitioner's § 2254 petition.[4]

**AFFIRMED.**

---

[4]  Because our determination on this issue is sufficient to affirm the district court's dismissal of Petitioner's § 2254 petition, we do not address the other grounds addressed by the district court and raised by the parties on appeal.  We further note that no certificate of appealability was issued as to those issues. *See Thomas v. Crosby*, 371 F.3d 782, 784 (11th Cir. 2004) ("A COA is usually a jurisdictional prerequisite to an appeal in a post-conviction relief proceeding following a state or federal court conviction." (quotations omitted)). *But see Hubbard v. Campbell*, 379 F.3d 1245, 1247 (11th Cir. 2004) (concluding that a certificate of appealability is not necessary to appeal the district court's dismissal of a habeas petition for lack of subject-matter jurisdiction).