Per Curiam.
Eddie Humphrey appeals the denial of his Rule 3.800(a) motion to correct an illegal *719 sentence. Humphrey challenges two sentences: (1) a sentence of forty years in prison with a thirty-year mandatory minimum as a violent career criminal ("VCC") for strong arm robbery, and (2) a sentence of mandatory life as a prison releasee reoffender ("PRR") for burglary of a structure with a battery. We affirm as to the VCC sentence, but reverse as to the PRR sentence and remand for resentencing on the burglary conviction.
Humphrey's VCC sentence is not illegal for the purpose of rule 3.800(a) because he does not dispute that his prior convictions qualified him as a VCC under section 775.084(1)(d), Florida Statutes (2005). See Judge v. State , 596 So.2d 73, 76-77 (Fla. 2d DCA 1991) (en banc); see also Bover v. State , 797 So.2d 1246, 1248-50 (Fla. 2001) ; Ives v. State , 993 So.2d 117, 120 (Fla. 4th DCA 2008). Humphrey's claim that the State did not sufficiently establish his qualification at sentencing should have been raised on direct appeal or in a timely motion for post-conviction relief pursuant to Florida Rule of Criminal Procedure 3.850. See Ives , 993 So.2d at 120 (explaining that rule 3.850 provides a remedy for a deficiency in the procedure used to impose an enhanced sentence only if the movant can show prejudice, such as an illegal sentence).
Humphrey's sentence of mandatory life as a PRR, however, is illegal because the offense of burglary of a structure with a battery does not qualify for PRR sentencing. An offense qualifies for PRR sentencing only if it is enumerated in the statute or "involves the use or threat of physical force or violence against an individual." § 775.082(9)(a)1., Fla. Stat. (2005). The only enumerated burglary offenses are armed burglary, burglary of a dwelling, and burglary of an occupied structure.[1] See § 775.082(9)(a)1.p., q., Fla. Stat. (2005). Burglary of an unoccupied structure is excluded. Wilkes v. State , 123 So.3d 632, 635-36 (Fla. 4th DCA 2013) ; Dennis v. State , 16 So.3d 331, 332 (Fla. 4th DCA 2009). The addition of a battery does not qualify Humphrey's conviction under the "catch-all" provision because battery does not necessarily involve "the use or threat of physical force or violence." Tumblin v. State , 965 So.2d 354, 355-56 (Fla. 4th DCA 2007) (applying State v. Hearns , 961 So.2d 211 (Fla. 2007) ).
Accordingly, we reverse the denial of Humphrey's motion as to the PRR sentence and remand for de novo resentencing on the conviction for burglary of a structure with a battery. We affirm as to the VCC sentence.
Affirmed in part, reversed in part, and remanded for resentencing.
Damoorgian, Ciklin and Levine, JJ., concur.

The State argued below that Humphrey was convicted of burglary of an occupied structure, but the record does not support that contention. Humphrey was charged with and convicted of burglary with a battery under section 810.02(2)(a), Florida Statutes. The jury did not make a finding that the structure was occupied at the time of the offense.