# Third District Court of Appeal

## State of Florida

Opinion filed August 29, 2018.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D18-1612
Lower Tribunal Nos. 18-12550 and 18-12015
_____

**Yordany Enrique Basulto Vargas,**
Petitioner,

vs.

**Daniel Junior, Director of Miami-Dade County Department of Corrections, et al.,**
Respondents.

A Case of Original Jurisdiction – Habeas Corpus.

Daniel J. Tibbitt, for petitioner.

Pamela Jo Bondi, Attorney General, and Jeffrey R. Geldens, Assistant Attorney General, for respondent State of Florida.


Before ROTHENBERG, C.J., and SUAREZ, and FERNANDEZ, JJ.

FERNANDEZ, J.

Petitioner/defendant, Yordany Enrique Basulto Vargas ("Vargas"), petitions

this Court for a writ of habeas corpus alleging that, under the circumstances of his

case, his detention in the Miami-Dade county jail is illegal. Concluding that Vargas's detention is legal, and that there is no basis for a writ of habeas corpus under the facts of the record before us, we deny the petition.

## FACTS AND PROCEDURAL BACKGROUND

On June 14, 2018, Vargas was arraigned after arrest in Eleventh Judicial Circuit Case number F18-12015, and charged with cannabis trafficking and use, possession, or ownership of a grow house ("Florida grow house charges"). On June 15, 2018, a warrant was issued by authorities in El Paso County, Colorado for Vargas's arrest on similar charges to the Florida grow house charges: trafficking in controlled substances and possession/cultivation of marijuana in Colorado. The offense dates were listed as May 15, 2018 to June 5, 2018, and bond was set at $50,000.

On June 20, 2018, an out of state fugitive warrant was issued for Vargas by authorities in Colorado. The State of Florida received notification and issued a Complaint/Arrest affidavit in Eleventh Judicial Circuit Case number F18-12250 ("the fugitive warrant"). As this was a Class 1 felony in Colorado, no bond was set.

On June 21, 2018, Vargas's bond hearing on the Florida grow house charges was heard by the trial court. The trial court was going to set bond at $30,000, along with GPS monitoring; however, defense counsel requested bond be set at

$15,000 and no GPS monitoring. During the hearing, the in-court corrections officer notified the trial court that the day before, on June 20, 2018, they received notice that there was a fugitive warrant from El Paso County, Colorado, for the defendant, and that Florida had issued a Complaint/Arrest affidavit in Eleventh Judicial Circuit Case number F18-12250, with no bond set, based on the Colorado warrant. After further argument from the State and defense counsel, the trial court set bond at $30,000 and did not require GPS monitoring or house arrest. Vargas posted the $30,000 bond that same day. Arraignment on the Florida charges was scheduled for July 5, 2018.

On June 22, 2018, Vargas's fugitive warrant bond hearing was held before the trial court in case number F18-12550. The trial court signed a probable cause affidavit finding that Vargas had been charged in Colorado and was a fugitive from Colorado. Based on a pending matter in the Florida grow house case set for July 5, 2018, the trial court reset the matter for July 6, 2018. Vargas agreed to waive extradition, and the trial court noted the defendant's wish to waive.

On July 5, 2018, the State filed the Information charging Vargas with trafficking in cannabis (Count I), and ownership, lease, rental, or possession of a structure for trafficking in or manufacturing a controlled substance (Count II). Thereafter, at a hearing before the trial court on July 6, 2018, defense counsel argued that because the $30,000 bond had been posted on the local charges,

3

petitioner should have been released from custody two weeks before. The State attorney replied, "[b]ut if you're arrested out of State, then it's no bond." The trial court did not rule on the issue and reset the matter to July 9, 2018.

At the July 9, 2018 hearing, the state attorney that deals with extradition issues in the State Attorney's office appeared before the court. She explained to the court that Vargas had three issued warrants: 1) the warrant for the Colorado grow house charges where the bond was set at $50,000, when Vargas was thought to be present within Colorado's jurisdiction; 2) the warrant for the Florida grow house charges, where the bond was set at $30,000; and 3) the fugitive warrant charging Vargas with being a fugitive from the state of Colorado, with no bond. The state attorney further suggested that Vargas could withdraw his extradition waiver, and then he could go to Colorado when the Florida case is closed. She stated that the only way to send Vargas to Colorado before the Florida case was closed was for Vargas to apply to the governor of Colorado for a warrant, which defense counsel was free to do, but had not done yet. The State was firm in its position that Vargas have no bond on the fugitive warrant while the local Florida charges were pending.

At the end of the hearing, the trial court decided not to grant Vargas's bond on the fugitive warrant. The trial court reset the matter for thirty days 30 to

consider custody at that time. Vargas withdrew his extradition waiver, and the trial court vacated the June 22, 2018 waiver of extradition Vargas had signed.

On July 16, 2018, Vargas entered his appearance in the Colorado grow house case. On July 19, 2018, an affidavit of probable cause regarding extradition was entered in the El Paso County, Colorado court.

On July 25, 2018, Vargas filed a motion to set conditions of pretrial release. The trial court heard the matter on July 30, 2018. The State argued that the 30-day and 60-day extension referred to in Florida's statutes only came into play after the governor's warrant was issued, which had not occurred in this case. The State argued that under section 941.19, Florida Statutes (2018), Vargas could apply to the governor of Colorado for a governor's warrant and request that they allow him to go to Colorado, but the defense had not applied for one yet.

The trial court denied Vargas's motion, and he was not granted bond on the fugitive warrant case. The trial court vacated Vargas's waiver of extradition, as Vargas had requested. On August 6, 2018, Vargas filed his petition for writ of habeas corpus with this Court.

## ANALYSIS

"Habeas corpus proceedings are intended to test the legality of the petitioner's detention and to secure his or her release if it is determined that the

5

detention is illegal." <u>Alachua Reg'l Juvenile Det. Ctr. v. T.O.</u>, 684 So. 2d 814, 816 (Fla. 1996).

"In a habeas corpus proceeding contesting the validity and propriety of an extradition warrant issued by the governor, the accused has the burden to overcome by competent proof the prima facie case made by the extradition warrant." <u>Kohler v. Sandstrom</u>, 305 So. 2d 76, 77 (Fla. 3d DCA 1974).[1] We find that Vargas's detention is legal, and there is no basis for a writ of habeas corpus under the facts of the record before us.

The sole basis of Vargas's detention in the Miami-Dade county jail is the fugitive warrant stemming from Colorado's claim to custody. Vargas does not argue in his petition that the trial judge abused her discretion in making the decision to detain him, but he instead alleges that the trial judge did not possess the authority to exercise such discretion. Yet, throughout the Uniform Extradition Act, codified in chapter 941, Florida Statutes (2018), the judiciary is given wide discretion to decide whether to hold a fugitive in custody without bail. <u>See</u> §§ 941.15-.16, Fla. Stat. (2018). This discretion, however, is restricted by statutory time limits for which a fugitive can be held. <u>Id.</u> These time limits ensure that a defendant will not be held indefinitely.[2]

---

[1] We note that the record does not yet reflect the issuance of an extradition warrant.

[2] In addition, "the rule in most jurisdictions is that the issuance of an extradition warrant does not constitute a waiver of the asylum state's jurisdiction." <u>Jenkins v.</u>

At this time, Vargas's claim of unlawful detention is not ripe, as the statutory limits have not yet expired. According to section 941.15, while a fugitive awaits requisition, "the judge must, by a warrant reciting the accusation, commit the person to the county jail for such a time not exceeding 30 days . . . ." The relevant exception within section 941.15 is "unless the accused gives bail as provided in s. 941.16 . . . ." Vargas paid the bail amount under the Florida grow house charges and was released on those charges. However, under section 941.16, the trial judge properly exercised her discretion to not admit Vargas to bail by bond on the fugitive warrant as the language of the statute is permissive because it uses the term "may."

After the section 941.15 time limit of 30 days expires, section 941.17 allows for an extension of time of commitment, as follows: "If the accused is not arrested under warrant of the Governor by the expiration of the time specified in the warrant or bond, a judge may discharge the accused or may recommit him or her for a further period not to exceed 60 days . . . ." Therefore, after a total of 90 days,

_____

State, 479 So. 2d 864, 865 (Fla. 1st DCA 1985). We note that this is the rule in Florida as well, consistent with section 941.19:

> If a criminal prosecution has been instituted against such person under the laws of this state and is still pending, the Governor, in his or her discretion, either may surrender the person on demand of the executive authority of another state or hold the person until he or she has been tried and discharged or convicted and punished in this state.

7

if Vargas is not arrested under the governor's warrant, then the trial court must discharge Vargas on the fugitive warrant. See Carter v. Coleman, 443 So. 2d 491, 492-93 (Fla. 2d DCA 1984) ("The trial judge 'dismissed' the proceedings against appellant on the grounds that the Governor's warrant had not been forthcoming within the maximum statutory ninety-day time period. . . . [T]he trial court, in compliance with section 941.17, Florida Statutes (1981), intended only to dismiss its own court proceedings and to discharge the fugitive warrant . . . . Such a discharge from bond or custody does not mean dismissal of all extradition proceedings. Thus, appellant's rearrest on a valid Governor's warrant issued after such discharge is not barred.").

On June 20, 2018, the State of Florida received notification that Colorado had issued a fugitive warrant against Vargas and, as a result, Florida issued a Complaint/Arrest affidavit in the Eleventh Judicial Circuit Case number F18-12250 on the fugitive warrant. At the time of this opinion, 90 days have not yet passed from the date the case was filed on the fugitive warrant issue. Until the expiration of the 90 day statutory time limit, Vargas's detention in the Miami-Dade county jail is legal and is pending the resolution of Colorado's fugitive warrant process. We thus conclude that there is no basis for a writ of habeas corpus under the facts of the record before us.

**CONCLUSION**

8

Accordingly, consistent with the analysis in this opinion, we deny the petition for writ of habeas corpus.

Petition denied.