DISTRICT COURT OF APPEAL FOR THE STATE OF FLORIDA
FOURTH DISTRICT

**EDDIE HUMPHREY,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D21-1822

[November 10, 2021]

Appeal of order dismissing rule 3.800 and 3.850 motions from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Martin S. Fein, Judge; L.T. Case No. 06-6791CF10A.

Eddie Humphrey, Indiantown, pro se.

Ashley Moody, Attorney General, Tallahassee, and Heidi L. Bettendorf, Senior Assistant Attorney General, West Palm Beach, for appellee.

PER CURIAM.

Eddie Humphrey appeals a trial court order dismissing: (1) a motion for post-conviction relief pursuant to Florida Rule of Criminal Procedure 3.850; (2) a motion to correct an illegal sentence pursuant to Florida Rule of Criminal Procedure 3.800(a); and (3) a motion to reduce or modify sentence pursuant to Florida Rule of Criminal Procedure 3.800(c). We affirm the dismissal of the rule 3.850 and rule 3.800(a) motions. As to the dismissal of the rule 3.800(c) motion, we treat the appeal as a petition for writ of certiorari and grant relief.

## Background

In 2007, Humphrey was convicted of burglary with a battery (count one), strong arm robbery (count two), and felony battery (count three). He was originally sentenced to life as a prison releasee reoffender (PRR) for count one; forty years with a thirty-year mandatory minimum as a violent career criminal and a fifteen-year mandatory minimum as a PRR for count two; and ten years as a habitual felony offender (HFO) for count three. We

affirmed on direct appeal and issued our mandate in December 2008. *Humphrey v. State*, 995 So. 2d 510 (Fla. 4th DCA 2008) (table decision). Humphrey thereafter timely filed a rule 3.850 motion, with the trial court summarily denied, and we affirmed. *Humphrey v. State*, 37 So. 3d 869 (Fla. 4th DCA 2010) (table decision).

Subsequently, Humphrey filed a rule 3.800(a) motion arguing, in part, that his sentence on count one was illegal because the offense did not qualify for PRR sentencing. The motion was denied, but we reversed in part and remanded for resentencing on count one. *Humphrey v. State*, 239 So. 3d 718, 719 (Fla. 4th DCA 2018). On remand, Humphrey was resentenced with respect to count one to life in prison as an HFO. We affirmed the resentencing and issued our mandate in July 2020. *Humphrey v. State*, 295 So. 3d 1181 (Fla. 4th DCA 2020) (table decision).

This appeal arises from three separate motions Humphrey filed after his resentencing on count one became final: (1) a rule 3.850 motion arguing that counsel was ineffective during the original trial proceedings; (2) a rule 3.800(a) motion arguing that his sentences on counts one and two are illegal; and (3) a rule 3.800(c) motion seeking to reduce or modify his new sentence on count one. The court treated all three motions as a single omnibus motion for post-conviction relief and dismissed it, ruling that the "motion" was impermissibly successive under rule 3.850(h)(2) and rule 3.800(a)(2). This appeal followed.

## Analysis

We affirm the dismissal of the rule 3.850 motion, as it was both untimely and impermissibly successive. The motion was filed more than two years after the convictions and original sentences became final in December 2008, and Humphrey did not explain why he could not have raised his claims in his first rule 3.850 motion. *See* Fla. R. Crim. P. 3.850(b), (h)(2). His resentencing on count one was the result of collateral proceedings and did not "restart the clock" to raise new claims arising from the original trial proceedings. *See Hampton v. State*, 299 So. 3d 617, 618 (Fla. 1st DCA 2020); *cf. McCallum v. State*, 842 So. 2d 158, 158-59 (Fla. 4th DCA 2003) (holding that the defendant's rule 3.850 motion was timely filed within two years of his resentencing becoming final because his claim could not have been ascertained until the resentencing).

As to the dismissal of the rule 3.800(a) motion, we agree with Humphrey that the motion was not impermissibly successive because it raised claims that had not been raised in any prior motion. *See* Fla. R. Crim. P.

3.800(a)(2); *Bynes v. State*, 267 So. 3d 1043, 1045 (Fla. 4th DCA 2019). However, we conclude that any error in dismissing the motion as successive was harmless because Humphrey's claims were meritless. We therefore affirm without further comment.

We treat the appeal of the dismissal of the rule 3.800(c) motion as a petition for writ of certiorari and grant relief. The motion was timely as to the new sentence on count one, and rule 3.800(c) does not prohibit successive motions. *See* Fla. R. Crim. P. 3.800(c); *Griffin v. State*, 979 So. 2d 1253, 1255 (Fla. 4th DCA 2008); *Graham v. State*, 24 So. 3d 781, 782–83 (Fla. 5th DCA 2009). The State concedes that the portion of the order dismissing the rule 3.800(c) motion should be quashed.

## Conclusion

We affirm the trial court's dismissal of the rule 3.850 and rule 3.800(a) motions. We quash that portion of the order dismissing the rule 3.800(c) motion and remand for the trial court to consider that motion on the merits.

*Affirmed in part, treated as a petition for writ of certiorari in part, and petition granted.*

DAMOORGIAN, GERBER and FORST, JJ., concur.

\* \* \*

***Not final until disposition of timely filed motion for rehearing.***