863 So.2d 374 (2003)
Joseph P. DEANGELO, Appellant,
v.
STATE of Florida, Appellee.
No. 1D02-1772.
District Court of Appeal of Florida, First District.
December 9, 2003.
Rehearing Denied January 12, 2004.
Nancy A. Daniels, Public Defender, and Edgar Lee Elzie, Jr., Assistant Public Defender, Tallahassee, for Appellant.
Charles J. Crist, Jr., Attorney General, and Barbara J. Yates, Assistant Attorney General, Tallahassee, for Appellee.
ALLEN, J.
The appellant in this direct criminal appeal contends that his convictions for attempted premeditated murder and attempted felony murder of a single victim in the course of a single criminal episode constitute a double jeopardy violation. Because this argument is supported by the supreme court's discussion in Gordon v. State, 780 So.2d 17 (Fla.2001), we reverse the judgment in part and remand this case to the trial court for vacation of one of the convictions.
Gordon acknowledges the well-established principle that convictions for both premeditated murder and felony murder are impermissible when only one death has occurred, and also recognizes that this principle was not abrogated by the enactment of section 775.021(4), Florida Statutes. Gordon further observes that a logical extension of this principle is that dual convictions for attempted premeditated murder and attempted felony murder are also impermissible. This discussion from Gordon provides the basis for our decision in the present case.
We recognize that the Gordon court referred to an earlier version of the crime of attempted felony murder. However, the legislature has now revived the crime by its enactment of section 782.051(1), Florida Statutes, the statute under which the appellant was convicted in the present case. Comparison of the elements of the current offense with those of the former crime, as set forth in Amlotte v. State, 456 So.2d 448 (Fla.1984), reveals that the respective elements are nearly identical. Although section 782.051(1) includes "attempt" as one of its elements and thus creates a stand-alone crime, and although the current offense is slightly narrower than its earlier counterpart in that the requisite act committed during the underlying felony cannot be an essential element of that felony, we do not *375 discern any material distinction between the two crimes for purposes of applying the principle recited in Gordon.
The judgment is accordingly reversed to the extent that it reflects convictions for both attempted premeditated murder and attempted felony murder, and this case is remanded to the trial court for vacation of one of the convictions. The trial court should allow the appellee to select the conviction to be vacated.
DAVIS and BENTON, JJ., concur.