942 So.2d 919 (2006)
James Dion McCOY, Appellant,
v.
STATE of Florida, Appellee.
No. 2D05-259.
District Court of Appeal of Florida, Second District.
October 20, 2006.
Rehearing Denied December 7, 2006.
James Marion Moorman, Public Defender, and Sonya M. Rudenstine, Assistant Public Defender, Bartow, for Appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Richard M. Fishkin, Assistant Attorney General, Tampa, for Appellee.
FULMER, Chief Judge.
James Dion McCoy appeals his convictions and sentences for attempted first-degree murder with a weapon, attempted felony murder in the first degree with a *920 weapon, armed false imprisonment with a weapon, and carjacking with a deadly weapon. He raises six issues on appeal. We reject all but two. We reverse the conviction for attempted felony murder and remand for the trial court to vacate the conviction. On the remaining counts, we affirm the convictions but reverse the sentences imposed and remand for resentencing.
McCoy argues and the State concedes that the trial court erred in not dismissing the attempted felony murder charge where that charge is based on the same facts underlying the attempted first-degree murder charge. To allow the convictions for both charges to stand would violate double jeopardy. See Gordon v. State, 780 So.2d 17, 25 (Fla.2001); McGlocklin v. State, 907 So.2d 1288, 1291 (Fla. 3d DCA 2005); Jackson v. State, 868 So.2d 1290 (Fla. 4th DCA 2004); Deangelo v. State, 863 So.2d 374, 375 (Fla. 1st DCA 2003). On remand, therefore, the trial court must vacate the attempted felony murder conviction and ensure that this charge is not reflected on the new sentencing documents.
McCoy argues and again the State concedes that the trial court erred in finding McCoy to be a habitual violent felony offender (HVFO) and enhancing his sentence on that basis. The State presented evidence of McCoy's prior conviction for aggravated assault. However, only aggravated assault with a deadly weapon is an enumerated predicate felony for the HVFO statute. § 775.084(1)(b)(1)(g), Fla. Stat. (2002). Because aggravated assault can be committed in two ways, either by committing an assault with a deadly weapon or with an intent to commit a felony, § 784.021(1), Fla. Stat. (2002), and the State did not establish that McCoy's prior conviction was committed with a deadly weapon, there was insufficient evidence for the trial court to find that McCoy qualified for the HVFO designation. We, therefore, reverse the HVFO sentences imposed for all remaining counts and remand for resentencing pursuant to the Criminal Punishment Code.
McCoy has also raised an issue regarding the scoring of the primary offense. Although the argument was preserved, it was not addressed by the trial court and the State has not responded to the argument in its answer brief. Nevertheless, we reject the argument because it appears that the primary offense was properly scored. See § 775.087(1), Fla. Stat. (2002).
Affirmed in part, reversed in part, and remanded with directions.
WHATLEY and WALLACE, JJ., Concur.