973 So.2d 1209 (2008)
David William SMITH, Appellant,
v.
STATE of Florida, Appellee.
No. 2D06-3495.
District Court of Appeal of Florida, Second District.
January 16, 2008.
James Marion Moorman, Public Defender, and Timothy J. Ferreri, Assistant Public Defender, Bartow, for Appellant.
Bill McCollum, Attorney General, Tallahassee, and Sonya Roebuck Horbelt, Assistant Attorney General, Tampa, for Appellee.
DAVIS, Judge.
David William Smith contends, and the State concedes, that his convictions for attempted first-degree premeditated murder and attempted felony murder improperly placed him in double jeopardy because they both involved the same attempted killing. We agree.
Smith pleaded guilty to attempted first-degree murder, attempted felony murder, armed burglary, and attempted robbery with a firearm. Although the entry of a plea and a subsequent adjudication of guilt generally precludes a later double jeopardy attack, double jeopardy may be raised under the following circumstances: (1) where the defendant entered a general plea, (2) where the double jeopardy violation is apparent on the face of the record, and (3) where nothing in the record indicates that the defendant waived his right to claim a double jeopardy violation. See Novaton v. State, 634 So.2d 607, 609 (Fla. 1994).
The instant case meets the Novaton three-part test. Smith entered a general plea, the double jeopardy violation is apparent on the face of the record, and nothing in the record indicates that Smith waived his right to claim a double jeopardy violation. Accordingly, Smith is not precluded from raising double jeopardy as an issue on appeal.
Smith's double jeopardy challenge is premised on the fact that two of his convictions, attempted first-degree murder and attempted felony murder, both *1211 arose out of the same attempted killing. Because the prohibition against double jeopardy precludes dual convictions for the same criminal act, we cannot allow both convictions to stand. Accordingly, while we affirm Smith's other convictions and sentences, we reverse Smith's attempted felony murder conviction and sentence and remand with directions to the trial court to vacate that conviction in accord with this opinion. See McCoy v. State, 942 So.2d 919, 920 (Fla. 2d DCA 2006).
Affirmed in part and reversed in part.
ALTENBERND and STRINGER, JJ., Concur.