PER CURIAM.
The appellant has filed a rule 3.800(a) motion asserting that his habitual violent felony offender sentence is illegal because his prior offense of aggravated assault on a law enforcement officer is not an enumerated felony under section 775.084(l)(b), Florida Statutes (2000). To support his allegations, the appellant indicates that the records demonstrate an entitlement to relief and he has attached a copy of the state’s notice of intent to classify him as a habitual violent felony offender which establishes he was previously convicted of aggravated assault on a law enforcement officer. We reverse the denial of the appellant’s facially sufficient motion and remand.
Pursuant to section 775.084(l)(b), Florida Statutes, prior to imposing a habitual violent felony offender sentence the sentencing court must find that the defendant has been previously convicted of an enumerated felony. Prior versions of the statute permitted a habitual violent felony offender sentence for aggravated assault; however, the version applicable to the appellant’s case requires aggravated assault with a deadly weapon. § 775.084(l)(b)(l)(g), Fla. Stat. (2000). At sentencing, in order to support a habitual felony violent offender sentence, the state must show that the aggravated assault was committed with a deadly weapon. See McCoy v. State, 942 So.2d 919 (Fla. 2d DCA 2006). The postconviction court has failed to attach any records refuting the appellant’s claim that his prior offense of aggravated assault on a law enforcement officer does not qualify for a habitualized sentence.
Accordingly, we reverse the summary denial of the appellant’s motion and remand for record attachments which conclusively refute the appellant’s claim or if appropriate, to resentence the appellant without the habitual felony offender designation.
REVERSED AND REMANDED.
DAVIS, PADOVANO, and LEWIS, JJ„ concur.