ON MOTION FOR REHEARING AND CERTIFICATION

THOMAS, J.
This cause is before us on Appellee’s motion for rehearing and certification. We deny the motion for rehearing and certification, but write to clarify our previous opinion. Accordingly, we withdraw our former opinion of February 2, 2012, and substitute this opinion in its place.
Appellant was convicted of attempted premeditated first-degree murder, attempted felony murder, aggravated assault, aggravated battery, and possession of a firearm by a convicted felon. We find merit in one of the two issues he raises on appeal. Based on the felony merger doctrine, we reverse Appellant’s conviction for attempted felony murder.

Facts

At trial, evidence established that Appellant was involved in a verbal argument with the mother of his son when the mother’s boyfriend (the victim) approached the scene. Appellant retrieved a semi-automatic pistol, returned outside, and ap *933 proached the victim. The victim ran away and Appellant pursued, firing three shots at the victim while standing in the middle of the street. Appellant continued to pursue the victim, firing four or five more shots. One bullet struck the victim in the back, going through his right shoulder, and came to rest on his spine. A police officer, stationed at the front of the apartment complex, heard three or four gunshots, a few seconds’ pause, and four or five more gunshots. Appellant fled the scene, but was later caught and arrested.

Analysis

We note that Florida courts have not always differentiated between the standard double jeopardy analysis and the principle of merger. Although both principles address the same issue of multiple punishments for the same offense, these principles are distinct. Appellant asserts that his convictions for attempted premeditated first-degree murder and attempted felony murder are a violation of double jeopardy, but cites case law which addresses the merger principle. See Smith v. State, 973 So.2d 1209, 1210-1211 (Fla. 2d DCA 2008); Jackson v. State, 868 So.2d 1290, 1291 (Fla. 4th DCA 2004). As such, we review Appellant’s convictions for a double jeopardy violation under both the standard double jeopardy analysis and the principle of merger.

I. Double Jeopardy

Under the standard three-part double jeopardy analysis, this court must first determine if the offenses occurred within the same criminal transaction or episode. Partch v. State, 43 So.3d 758, 760 (Fla. 1st DCA 2010). To determine whether the offenses occurred in one criminal episode, a court must consider “whether there are multiple victims, whether the offenses occurred in multiple locations, and whether there has been a ‘temporal break’ between offenses.” State v. Paul, 934 So.2d 1167, 1173 (Fla.2006) (quoting Murray v. State, 890 So.2d 451, 453 (Fla. 2d DCA 2004)) (overruled on other grounds by Valdes v. State, 3 So.3d 1067 (Fla. 2009)). Here, there was only one victim; based upon trial testimony, Appellant fired eight shots in a short period of time with only a few seconds’ pause between gunshots. As such, we determine that Appellant’s convictions arose from one criminal episode.
Because the offenses occurred during the same episode, this court “must then determine if the convictions were predicated on distinct acts.” Partch, 43 So.3d at 760. To determine whether acts are “distinct,” factors to consider include whether there was: 1) a temporal break between the acts; 2) intervening acts; 3) a change in location between the acts; or 4) whether a new criminal intent was formed. Id. at 761 (citing Hayes v. State, 803 So.2d 695, 700-701 (Fla.2001)). Here, there was no intervening act between the gunshots and the conduct giving rise to the convictions occurred within the confines of an apartment complex. In addition, even viewing the evidence in the light most favorable to the jury verdict, the evidence does not establish that Appellant formed a new criminal intent to kill the same victim.
We note that the facts of this case are distinguishable from Jones v. State, 569 So.2d 1234 (Fla.1990), cited by the State. First, Jones applied the now legislatively overruled “same evil” analysis from Carawan v. State, 515 So.2d 161 (Fla.1987). Id. at 1240. Second, although the defendant in Jones fired three shots, they were directed at more than one individual and resulted in two murder convictions, as well as a conviction for shooting into an occupied motor vehicle. Id. In Jones, the Florida Supreme Court found that the conviction for shooting into the vehicle was supported by the third shot and was an *934 “evil separate from the murders.” Id. The defendant in Jones formed the intent of not only firing into the vehicle, but also formed the intent of killing the victims inside.
Here, our analysis of the factors does not reach the same conclusion. Consequently, we do not agree with the State’s assertion that, under the limited facts of this case, each discharged bullet constituted a distinct act upon which separate convictions could rest. Moreover, we note that Jones did not implicate the merger doctrine, the basis for the reversal in this case.
The final step in the double jeopardy analysis requires this court to determine whether the charges survive a “same elements” test, as defined by section 775.021, Florida Statutes, most commonly known as the Blockburger[1] “same elements” test. Under the Blockburger test, this court must determine whether each offense has an element that the other does not; if so, there is no double jeopardy violation. Partch, 48 So.3d at 762. The Legislature, in codifying Blockburger, provided three exceptions which prohibit multiple convictions:
1. Offenses which require identical elements of proof.
2. Offenses which are degrees of the same offense as provided by statute.
3. Offenses which are lesser offenses the statutory elements of which are subsumed by the greater offense.
§ 775.021(4)(b), Fla. Stat. (2008).
In this case, Appellant’s conviction of attempted premeditated first-degree murder includes at least one element that attempted felony murder does not: a premeditated design to kill the victim. Thus, the offenses survive the Blockburger inquiry. Further, none of the statutory exceptions apply; consequently, Appellant’s convictions for attempted premeditated first-degree murder and attempted felony murder are not a violation of double jeopardy under the standard analysis.

II. Merger

This court’s double jeopardy analysis, however, does not end with Blockburger and its statutory exceptions. Appellant has cited to case law for the proposition that dual convictions for attempted premeditated first-degree murder and attempted felony murder stemming from the same attempted killing are an impermissible double jeopardy violation. See Smith, 973 So.2d at 1210-1211; Jackson, 868 So.2d at 1291. These cases analyze attempted premeditated first-degree murder and attempted felony murder under the merger doctrine, but do not conduct a standard double jeopardy analysis. The principle of merger is an exception to the standard double jeopardy analysis and, but for the merger doctrine, attempted premeditated first-degree murder and attempted felony murder would not violate double jeopardy.
The Florida Supreme Court has held that section 775.021, Florida Statutes, does not abrogate the merger principle, which prohibits multiple punishments for a single killing. See Goodwin v. State, 634 So.2d 157, 157-58 (Fla.1994) (Grimes, J. concurring) (“I believe that the Legislature could not have intended that a defendant could be convicted of two crimes of homicide for killing a single person.”); Houser v. State, 474 So.2d 1193, 1197 (Fla.1985) (noting that “only one homicide conviction and sentence may be imposed for a single death.”); Gordon v. State, 780 So.2d 17, 25 (Fla.2001) (receded from on other grounds in Valdes v. State, 3 So.3d 1067 (Fla.2009)). This principle has been extended to convictions for attempted first-degree murder and attempted felony murder from the *935 same attempted killing. See Deangelo v. State, 863 So.2d 374 (Fla. 1st DCA 2003); Smith, 973 So.2d at 1210-1211; Jackson, 868 So.2d at 1291.
Based upon this specific fact scenario where Appellant’s pursuit of the victim constituted one criminal act or one attempted murder, we hold that although Appellant’s dual convictions for attempted premeditated first-degree murder and attempted felony murder do not violate double jeopardy under the standard double jeopardy analysis, they are impermissible under the principle of merger. We do not think that the Legislature authorized the imposition of multiple punishments for attempted premeditated first-degree murder and attempted felony murder for the same attempted killing of one victim, when there is not a separate criminal episode or distinct acts on which to base each attempted murder conviction.

Conclusion

Accordingly, we REVERSE Appellant’s conviction for attempted felony murder with directions to strike this conviction. Appellant’s remaining convictions for attempted premeditated first-degree murder, aggravated assault, aggravated battery, and possession of a firearm by a convicted felon are AFFIRMED.
AFFIRMED in part, REVERSED in part, and REMANDED with directions consistent with this opinion.
DAVIS and VAN NORTWICK, JJ., concur.

. Blockburger v. United States, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932).