PER CURIAM.
James Smart (“Appellant”) appeals his convictions and sentences for two counts of attempted second-degree murder (Counts 3 and 4) and two counts of attempted armed robbery (Counts 5 and 6). We affirm the convictions without discussion. As to the sentences, Appellant asserts that the trial court imposed illegal sentences of life imprisonment for the two attempted second-degree murder counts, and that the court impermissibly imposed the consecutive mandatory mínimums under section 775.087(2)(d), Florida Statutes. For the following reasons, we agree with Appellant that the life sentences are illegal, but we approve the consecutive sentencing scheme.
Section 782.04(2) proscribes second-degree murder, and classifies this offense as a first-degree felony. See § 782.04(2), Fla. Stat. (2008). Section 777.04(1) proscribes a “criminal attempt” to commit any offense prohibited by law, and provides that an attempted first-degree felony is classified as a second-degree felony. See §§ 777.04(1), (4)(c), Fla. Stat. (2008). However, under the 10-20-Life statute, when the defendant possesses a firearm while committing a second-degree felony, the crime shall be reclassified to a first-degree felony. See § 775.087(l)(b), Fla. Stat. (2008). Because attempted second-degree murder is a second-degree felony, and the jury expressly found that Appellant possessed and discharged a firearm while committing the attempted murders, the trial court should have reclassified the crimes to first-degree felonies, for which the statutory maximum prison term is 30 years. See § 775.082(3)(b), Fla. Stat. (2008).
The State contends that the life sentences are permissible, nevertheless, under section 782.065, which creates the crime of attempted murder of a police officer and mandates a life sentence. See § 782.065(1), Fla. Stat. (2008). Indeed, both the charging document and the final judgment of conviction in this case label the pertinent crime “attempted murder of a police officer.” However, Appellant committed the attempted murders on September 10, 2008, and section 782.065 did not become effective until October 1, 2008. See Ch. 2008-74, § 1, at 1, Laws of Fla.; Lebron v. State, 799 So.2d 997, 1019 (Fla.2001) (“[I]t is firmly established law that the statutes in effect at the time of commission of a crime control as to the offenses for which the perpetrator can be convicted, as well as the punishments which may be imposed”).
As to the consecutive mandatory minimum sentences, we held in Walton v. State, 106 So.3d 522, 528 (Fla. 1st DCA 2013) (en banc), that any minimum sentence required by section 775.087(2)(d), the “10-20-Life” statute, shall be imposed consecutively to any other term imposed for any other felony offense, whether the defendant fires a gun or only carries/displays a firearm, and whether or not the crimes occurred during a single episode.[1] The sentencing scheme employed in Appellant’s case is therefore correct.
We reverse Appellant’s life sentences on Counts 3 and 4, and remand for resentenc-ing, for which Appellant must be present. See Walton, 106 So.3d at 528-29. Appel *1050 lant’s convictions and sentences are otherwise affirmed.
AFFIRMED, in part; REVERSED, in part; and REMANDED.
BENTON, C.J., ROWE, and MARSTILLER, JJ., CONCUR.

. The appellant in the instant case and the appellant in Walton were co-defendants.