KLINGENSMITH, J.
Appellant Michael Wilkes’s convictions arose from his involvement in the attempted burglary of a mobile phone store. In the aftermath, he attempted to run over a police officer while fleeing .the scene to avoid arrest. He was subsequently tried and convicted of attempted second degree murder, attempted felony murder, attempted burglary of a structure while masked, and possession of burglary tools. Wilkes was sentenced on all but the attempted second degree murder charge because of the trial court’s concerns that double jeopardy prevented sentencing on both that charge and the charge of attempted felony murder. Wilkes appeals his convictions and sentences, arguing several points on appeal. However, we find merit in only two of those points: 1) that double jeopardy and/or merger principles require vacating his conviction for attempted second degree murder, and 2) that his Prison Releasee Reoffender (“PRR”) sentence for attempted burglary of a structure while masked is an illegal sentence pursuant to Florida Rule of Criminal Procedure 3.800(b)(2) because this offense does not qualify him for an enhanced sentence under section 775.082(9)(a), Florida Statutes (2012) (the “PRR statute”). We agree with Wilkes’s claim that one of the attempted murder convictions must be vacated, and that his PRR sentence for attempted burglary while masked was improper. We affirm on all other issues.
Wilkes argues that to cure the double jeopardy issue, one of his murder convictions must be vacated — the remedy traditionally resorted to by Florida’s courts. See Coughlin v. State, 932 So.2d 1224, 1226 (Fla. 2d DCA 2006); Jackson v. State, 868 So.2d 1290, 1290 (Fla. 4th DCA 2004); Deangelo v. State, 863 So.2d 374, 375 (Fla. 1st DCA 2003); Tucker v. State, 857 So.2d 978, 980 (Fla. 4th DCA 2003). Here, the trial court sought to avoid the double jeopardy problem by entering judgment for both convictions yet withholding the imposition of sentence for one of the charges, specifically the attempted second degree murder conviction.
Florida law is clear that where, as here, there is a single attempt to cause death to a victim, dual convictions for both *635 attempted murder and attempted felony murder cannot stand.[1] See Gordon v. State, 780 So.2d 17, 25 (Fla.2001), overruled on other grounds by Valdes v. State, 3 So.3d 1067 (Fla.2009); Jackson, 868 So.2d at 1290; Tucker, 857 So.2d at 979-80. Therefore, allowing both convictions to stand, yet withholding the imposition of sentence for one of the offenses, does not cure the double jeopardy violation as it is “the record of appellant’s conviction [that] constitutes the violation of double jeopardy.” Florida v. State, 855 So.2d 109, 111 (Fla. 4th DCA 2003) (rejecting claim that any double jeopardy concerns were rendered harmless where defendant was not sentenced for one of convictions), overruled on other grounds, 894 So.2d 941 (Fla.2005); see also Coughlin, 932 So.2d at 1226 (stating that correcting an alleged double jeopardy violation would require vacation of the underlying conviction, not just the sentence).
For similar reasons, the merger doctrine also prohibits Wilkes’s convictions for both attempted second degree murder and attempted felony murder in this case. See Mobley v. State, 97 So.3d 344, 345 (Fla. 1st DCA 2012) (reversing a conviction for attempted felony murder when the defendant was also convicted of attempted second degree murder); see also Williams v. State, 90 So.3d 931, 935 (Fla. 1st DCA 2012) (reversing attempted felony murder conviction under the merger doctrine where the defendant was also convicted of attempted premeditated first degree murder). Here, as in those cases, there was not a separate criminal episode or distinct acts on which to base each attempted murder conviction. See Houser v. State, 474 So.2d 1193, 1196 (Fla.1985) (“[0]nly one homicide conviction and sentence may be imposed for a single death.”). This principle also extends to convictions for attempted murder and attempted felony murder from the same attempted killing. See Smith v. State, 973 So.2d 1209, 1210-11 (Fla. 2d DCA 2008); Jackson, 868 So.2d at 1291; Deangelo, 863 So.2d at 374-75.
Because the trial court sentenced Wilkes only on the attempted felony murder conviction, thereby evidencing its clear intent that he be adjudicated on that charge, we remand this issue back to the trial court to vacate Wilkes’s conviction on the charge of attempted second degree murder.
At Wilkes’s sentencing, the State followed the procedure required to have him declared a PRR and thus eligible for an enhanced sentence under the PRR statute. Following the sentencing hearing, the trial court found that Wilkes qualified as a PRR. On the charge of attempted burglary while masked, the court imposed a thirty-year sentence on him as a habitual felony offender, with an additional fifteen-year sentence under the PRR statute.[2]
Section 775.082(9)(a) establishes enhanced and mandatory sentences under certain defined circumstances and for certain enumerated felonies. The statute also defines “prison releasee reoffender” as follows:
1. “Prison releasee reoffender” means any defendant who commits, or attempts to commit:
a. Treason;
b. Murder;
*636 c. Manslaughter;
d. Sexual battery;
e. Carjacking;
f. Home-invasion robbery;
g. Robbery;
h. Arson;
i. Kidnapping;
j. Aggravated assault with a deadly weapon;
k. Aggravated battery;
l. Aggravated stalking;
m. Aircraft piracy;
n. Unlawful throwing, placing, or discharging of a destructive device or bomb;
o. Any felony that involves the use or threat of physical force or violence against an individual;
p. Armed burglary;
q. Burglary of a dwelling or burglary of an occupied structure; or
r. Any felony violation of s. 790.07, s. 800.04, s. 827.03, s. 827.071, or s. 847.0135(5);
within 3 years after being released from a state correctional facility operated by the Department of Corrections or a private vendor or within 3 years after being released from a correctional institution of another state, the District of Columbia, the United States, any possession or territory of the United States, or any foreign jurisdiction, following incarceration for an offense for which the sentence is punishable by more than 1 year in this state.
§ 775.082(9)(a), Fla. Stat. (2012) (emphasis supplied).
The crime of attempted felony murder for which Wilkes was also convicted falls within the statute, and this court finds no error in imposing the enhanced PRR sentence for this charge. However, the crime of attempted burglary of a structure is not a specifically enumerated offense under section 775.082(9)(a). The PRR statute may apply to that charge if it is deemed a qualifying offense under the statute’s so-called “catch-all” provision. See § 775.082(9)(a)l.o, Fla. Stat. (2012) (“Any felony that involves the use or threat of physical force or violence against an individual.”).
The Florida Supreme Court has held that, in determining whether an offense qualifies as one involving the use or threat of physical force or violence, the courts must look to the essential elements of the offense charged, rather than the proof presented at trial. Perkins v. State, 576 So.2d 1310, 1313 (Fla.1991). The offense of attempted burglary requires the specific intent to commit the crime of burglary and an overt act towards its commission. Jones v. State, 608 So.2d 797, 798 (Fla.1992); Ellis v. State, 425 So.2d 201, 202 (Fla. 5th DCA 1983). The essential elements of burglary are: “(1) entering or remaining in, (2) a structure or conveyance, [and] (3) with intent to commit an offense therein.” State v. Waters, 436 So.2d 66, 69 (Fla.1983).
Wilkes was convicted of attempted burglary of a structure, without a finding that the structure was occupied at the time of the offense. The statutory elements of this crime do not require proof of the use or threat of use of physical force or violence. Therefore, the offense cannot qualify as a predicate offense under the “catchall” provision of section 775.082(9)(a)l.o. Consequently, the PRR sentence imposed by the court related to the attempted burglary conviction was error. See Gorham v. State, 988 So.2d 152 (Fla. 4th DCA 2008); Tumblin v. State, 965 So.2d 354 (Fla. 4th DCA 2007).
Accordingly, we reverse Wilkes’s conviction for attempted second degree murder *637 and remand with directions to strike the conviction. We affirm Wilkes’s other convictions for attempted felony murder, attempted burglary of a structure while masked, and possession of burglary tools. We also remand this ease to the trial court with instructions that Wilkes’s PRR sentence imposed on the charge of attempted burglary of a structure while masked be vacated consistent with this opinion.

Affirmed in part, Reversed in part and Remanded.

TAYLOR and LEVINE, JJ., concur.

. Wilkes’s conviction for attempted second degree murder and attempted felony murder arose out of the same single incident perpetrated against the same victim.

. The trial court also sentenced Wilkes to life imprisonment as a PRR for attempted felony murder of the law enforcement officer, and sentenced him to ten years as a habitual felony offender for the charge of possession of burglary tools. All sentences, including those for attempted burglary of a structure while masked, were imposed concurrently.