BENTON, J.
Dalvin Lorenzo Denson appeals the imposition of consecutive mandatory minimum sentences aggregating seventy-five years, pursuant to section 775.087(2)(d), Florida Statutes (2011). We affirm on the basis of stare decisis. See Fleming v. State, 135 So.3d 531 (Fla. 1st DCA 2014); Smart v. State, 114 So.3d 1048 (Fla. 1st DCA 2013). See also Morgan v. State, 137 So.3d 1075 (Fla. 3d DCA 2014). But see Roberts v. State, 990 So.2d 671 (Fla. 4th DCA 2008); Perry v. State, 973 So.2d 1289 (Fla. 4th DCA 2008); Church v. State, 967 So.2d 1073 (Fla. 2d DCA 2007); Irizarry v. State, 946 So.2d 555 (Fla. 5th DCA 2006).
Mr. Denson stood trial on multiple charges alleged in connection with a marijuana transaction gone awry. Charged with two counts of attempted first-degree felony murder, two counts of attempted murder in the second degree, attempted robbery with a firearm, and carrying a concealed firearm, he was found guilty by the jury on all six counts.[1] Evidence the state adduced permitted the jury to find that, on September 1, 2011, when Suad Rizvanovic and Meho Pasic decided he lacked sufficient funds to close the deal and began to walk away, Mr. Denson opened fire and hit them both.
For each count of attempted first-degree felony murder, he was sentenced to life in prison, with a twenty-five-year mandatory minimum term. For carrying a concealed weapon, he was sentenced to five years’ imprisonment, with no minimum mandatory. The trial court ordered that the life sentences for the two attempted first-degree felony murder convictions and the five-year sentence for carrying a concealed weapon be served concurrently. For attempted robbery with a firearm, he was sentenced to twenty-five years’ imprisonment, also with a twenty-five-year mandatory minimum term. The trial court ordered that he serve the twenty-five year sentence for attempted robbery with a firearm consecutively to the concurrent sentences. The trial court also ordered that the three twenty-five-year minimum mandatory terms, all imposed pursuant to section 775.087(2)(a), be served consecutively to one another.[2]
On the basis of controlling precedent, we reject Mr. Denson’s argument that the *1200 trial court erred in imposing consecutive mandatory minimum terms pursuant to section 775.087(2)(d), Florida Statutes (2011). See Fleming, 135 So.3d at 531 (“[W]ith regard to the mandatory minimum sentence for Count II (possession of a firearm by a convicted felon) imposed consecutively to Count I (attempted first degree murder), such a consecutive sentence is mandated.”); Walton v. State, 106 So.3d 522, 528 (Fla. 1st DCA 2013), review granted, No. SC13-1652, 2014 WL 1654326 (Fla. Apr. 3, 2014) (“[T]he statute is clear: any mandatory minimum term required by section 775.087(2) — whether the defendant fires a gun, or only carries or displays it— shall be imposed consecutively to any other term imposed for any other felony.”). See also Morgan, 137 So.3d at 1075 (“[S]ection 775.087(2)(d) unambiguously requires that ‘any mandatory minimum term required ... shall be imposed consecutively to any other term imposed for any other felony.’” (citation omitted)); Williams v. State, 125 So.3d 879, 880 (Fla. 4th DCA 2013), review granted, No. SC13-1080 (Fla. July 16, 2013) (concluding “the trial court was required to impose consecutive sentences”). But see generally Roberts, 990 So.2d at 675; Perry, 973 So.2d at 1289-90; Church, 967 So.2d at 1075; Irizarry, 946 So.2d at 558.
As it was entitled to do, the state proceeded on alternative theories of first- and second-degree attempted murder at trial. See Fla. R. Crim. P. 3.140(k)(5) (“For an offense that may be committed by doing 1 or more of several acts, or by 1 or more of several means, or with 1 or more of several intents or results, it is permissible to allege in the disjunctive or alternative such acts, means, intents, or results.”). But neither the judgment of conviction entered below nor the Criminal Punishment Code Scoresheet relied on at sentencing makes any mention of the attempted second-degree murder charges. The trial court properly adjudicated Mr. Denson guilty of attempted first-degree felony murder as to each victim instead. See Williams v. State, 90 So.3d 931, 934-35 (Fla. 1st DCA 2012) (“The Florida Supreme Court has held that section 775.021, Florida Statutes, does not abrogate the merger principle, which prohibits multiple punishments for a single killing. This principle has been extended to convictions for attempted first-degree murder and attempted felony murder from the same attempted killing.... We do not think that the Legislature authorized the imposition of multiple punishments for attempted premeditated first-degree murder and attempted felony murder for the same attempted killing of one victim, when there is not a separate criminal episode or distinct acts on which to base each attempted murder conviction.” (citations omitted)). See generally Wilkes v. State, 123 So.3d 632, 634-35 (Fla. 4th DCA 2013) (“[Wjhere, as here, there is a single attempt to cause death to a victim, dual convictions for both attempted murder and attempted felony murder cannot stand.”).
Even in the absence of a sentence on the lesser offense, the fact of dual convictions runs afoul of the double jeopardy bars. See id. at 635 (“Therefore, allowing both convictions to stand, yet withholding the imposition of sentence for one of the offenses, does not cure the double jeopardy violation as it is ‘the record of appellant’s *1201 conviction [that] constitutes the violation of double jeopardy.’ ” (citations omitted)); Hill v. State, 114 So.3d 1071,1071 (Fla. 1st DCA 2013) (noting that a double jeopardy violation is not cured by the trial court’s holding sentencing “in abeyance”); Bolding v. State, 28 So.3d 956, 957 (Fla. 1st DCA 2010) (holding that, when the defendant was found guilty of both lewd or lascivious battery and lewd or lascivious molestation under facts that would render conviction of both offenses a double jeopardy violation, and the trial court ordered that adjudication of guilt for lewd or lascivious molestation be withheld, a double jeopardy violation is not rendered harmless simply because the defendant is not sentenced for both of the convictions or because they were not both scored on the guidelines scoresheet).
No further proceedings on the second-degree attempted murder charges are permissible, given double jeopardy constraints. See Pizzo v. State, 945 So.2d 1203, 1206 (Fla.2006) (“When an appellate court determines that dual convictions are impermissible [because they would violate double jeopardy prohibitions], the appellate court should reverse the lesser offense conviction and affirm the greater.”); State v. Barton, 523 So.2d 152, 153 (Fla.1988) (same). Nor as far as our reading of the record reveals were any contemplated. But appellant asks us to set aside the verdict insofar as it found him guilty of two counts of attempted second-degree murder, and we now do so to make the point unmistakably clear. With the verdict thus amended, the judgment and sentence are otherwise
Affirmed.
CLARK and OSTERHAUS, JJ., concur.

. The verdict found him guilty both of attempted first-degree and of attempted second-degree murder of each victim. During deliberations, the jury had asked: "I need to know when making a decision on first degree does this mean that it will include second degree, manslaughter, aggravated battery.” The trial judge had answered: “Attempted first degree murder does not have any lesser included offenses as alleged in the Information. Attempted second degree murder is an independent crime from attempted first degree murder. Attempted second degree murder does have lesser included offenses, which have been explained in the jury instructions of which you have a copy. A separate crime is charged in each count of the Information and although they have been tried together each crime and the evidence applicable to it must be considered separately and a separate verdict returned as to each. A finding of guilty or not guilty as to one crime must not affect your verdict as to the other crimes charged.”

. At sentencing, the trial judge stated:
I would tell everybody in the court of appeals that pursuant to the cases that the State has cited on the record, it appears that the Supreme Court has taken the legislative language as to require consecutive sentences to be imposed on the minimum mandatories.
I would say — and I told Mr. Gates that I would do this: I would — in the absence of those cases, interpreting the statute as I feel that they do, I would impose the minimum *1200 mandatoiy sentences on the attempted first-degree murders on Count I and II consecutively, but would impose the attempted armed robbery minimum mandatory sentence concurrently to those two because essentially the first two counts are so because of the attempted armed robbery. But as I read the cases as the State has cited to the Court, I believe the Supreme Court has interpreted the statute strictly with regards to the mandatoriness of “shall be imposed consecutively.”