IN THE SECOND DISTRICT COURT OF APPEAL, LAKELAND, FLORIDA

November 6, 2019

TERRENCE BARNETT,                    )
                                     )
            Appellant,               )
                                     )
v.                                   )          Case No. 2D17-379
                                     )
STATE OF FLORIDA,                    )
                                     )
            Appellee.                )
_____)

BY ORDER OF THE COURT:

        The Appellant's motion for rehearing is granted insofar as the prior opinion

dated August 14, 2019, is withdrawn and the attached opinion is issued in its place to

correct the statutory citation on page 4 and to clarify that Barnett challenges on appeal

his felony murder and aggravated battery of a law enforcement officer convictions on

double jeopardy grounds. The motion is otherwise denied.  No further motions for

rehearing will be entertained.


I HEREBY CERTIFY THE FOREGOING IS A
TRUE COPY OF THE ORIGINAL COURT ORDER.



MARY ELIZABETH KUENZEL, CLERK

TERRENCE BARNETT,        )
                      )
        Appellant,      )
                      )
v.                    )      Case No. 2D17-379
                      )
STATE OF FLORIDA,     )
                      )
        Appellee.       )
_____)

Opinion filed November 6, 2019.

Appeal from the Circuit Court for Polk
County; Jalal A. Harb, Judge.

Howard L. Dimmig, II, Public Defender, and
Terrence E. Kehoe, Special Assistant
Public Defender, Bartow, for Appellant.

Ashley Moody, Attorney General,
Tallahassee, and Jeffrey H. Siegal,
Assistant Attorney General, Tampa, for
Appellee.


BADALAMENTI, Judge.

        Terrence Barnett appeals from his jury convictions and sentences for first-

degree felony murder with the predicate felony of resisting an officer with violence,

aggravated battery on a law enforcement officer, and resisting an officer with violence.

Because we agree with Barnett's argument that his convictions for first-degree felony

murder and aggravated battery on a law enforcement officer violate double jeopardy

under the merger doctrine, we reverse in part and remand with instructions for the trial

court to vacate the aggravated battery conviction and corresponding sentence. We further remand for the entry of corrected sentencing documents. We affirm Barnett's remaining convictions and sentences in all other respects.

Barnett was residing in the isolation unit of the Polk County Jail while serving his sentence for an unrelated offense. He subsequently demanded to be transferred out of the isolation unit. When Barnett was informed that he would not be transferred, he swallowed approximately eight pills in the presence of deputies and refused to tell them what he ingested. After consultation with a nurse, the deputies decided to move Barnett to another part of the jail to place him on suicide watch. The victim, a detention deputy named Ronnie Brown, was asked to assist with this move.

Deputy Brown entered Barnett's cell and attempted to grab Brown's hand to restrain him. Barnett then pushed Deputy Brown, causing his back to hit a wall of the cell. Deputy Brown immediately slid to the floor and yelled about the pain to his back. Deputy Brown was hospitalized for his back injury. His doctors concluded that he had a fractured T12 vertebra and operated on him to reduce the pain. Approximately one week after the incident, Deputy Brown died in his hospital bed. The State's medical examiner concluded that the victim died from a blood clot that formed as a result of his back injury.

Barnett was subsequently charged with three offenses: (1) first-degree felony murder with the predicate felony of resisting an officer with violence, (2) aggravated battery on a law enforcement officer, and (3) resisting an officer with violence. Following a jury trial, Barnett was convicted as charged. He was sentenced to life in prison on the first-degree felony murder count, thirty years' imprisonment on the

aggravated battery count, and five years' imprisonment on the resisting count. The court ordered the sentences to run concurrently with each other but consecutively to the unrelated sentence he was serving at the time of sentencing.

Barnett argues on appeal that his convictions for both first-degree felony murder (resisting an officer with violence) and aggravated battery on a law enforcement officer violate double jeopardy under the merger doctrine because the convictions were based on the same homicidal act—pushing the victim against the wall. Barnett contends that his conviction for aggravated battery of a law enforcement officer, a felony not enumerated in section 782.04, arising out of the same criminal act as his felony murder conviction, is impermissible. See § 782.04, Fla. Stat. (2009).

Barnett raised this argument at the time of his sentencing hearing. The trial court, however, rejected his argument and sentenced Barnett on all three of his convictions. "Determining whether double jeopardy is violated based on undisputed facts is a purely legal determination, so the standard of review is de novo." Fleming v. State, 227 So. 3d 1254, 1256 (Fla. 2d DCA 2017) (quoting Binns v. State, 979 So. 2d 439, 441 (Fla. 4th DCA 2008)).

"The Double Jeopardy Clause presents no substantive limitation on the legislature's power to prescribe multiple punishments, but rather, seeks only to prevent courts either from allowing multiple prosecutions or from imposing multiple punishments for a single, legislatively defined offense." McCullough v. State, 230 So. 3d 586, 590 (Fla. 2d DCA 2017) (quoting Roughton v. State, 185 So. 3d 1207, 1209 (Fla. 2016)). Normally, when conducting a double jeopardy analysis, courts employ the Blockburger "same elements" test to determine whether each offense has an element the other does

not.  Williams v. State, 90 So. 3d 931, 934 (Fla. 1st DCA 2012); see also Blockburger v. United States, 284 U.S. 299, 304 (1932).  However, the principle of merger, prohibiting multiple punishments for a single killing, "is an exception to the standard double jeopardy analysis."  Williams, 90 So. 3d at 934.

Barnett begins his argument with the proposition that in a murder prosecution, the trial court may not instruct the jury on nonhomicide lesser included offenses because "where a homicide has taken place, the proper jury instructions are restricted to all degrees of murder, manslaughter, and justifiable and excusable homicide."  Martin v. State, 342 So. 2d 501, 503 (Fla. 1977), superseded on other grounds by, Fla. R. Crim. P. 3.490; see also Daugherty v. State, 211 So. 3d 29, 33 n.2 (Fla. 2017).  In Martin, the supreme court explained that when the jury finds that an unlawful homicide has occurred, it must next determine the degree of murder or manslaughter and that "[w]hether an aggravated assault occurred as part of a crime that culminated in the death of the victim is patently immaterial."  Martin, 342 So. 2d at 503. Thus, while Martin is not a double jeopardy case, Barnett argues its reasoning is applicable because it supports his argument that the offense of aggravated battery should merge with a homicide offense where the offenses are based on the same conduct.[1]

---

[1]Here, the trial court properly instructed the jury on aggravated battery on a law enforcement officer because Barnett was charged with aggravated battery on a law enforcement officer in addition to first-degree felony murder.  We simply note that it is error to instruct the jury on a nonhomicide offense as a lesser offense to a homicide offense under Florida Rules of Criminal Procedure Rule 3.510(b).

Next, Barnett relies heavily on the supreme court's decision in Mills v. State, 476 So. 2d 172 (Fla. 1985).[2] In Mills, the defendant shot the victim while burglarizing the victim's home. He was convicted of first-degree felony murder (predicate of burglary), burglary, and aggravated battery. Id. at 174. He challenged his convictions for first-degree murder and aggravated battery on double jeopardy grounds, arguing that his conviction of aggravated battery was invalid as a lesser included offense of first-degree murder. Id. at 177. The supreme court rejected this argument, explaining that "each [offense] contains elements which the other does not" and thus aggravated battery was not a lesser included offense of felony murder. Id. However, the court went on to hold that it did "not believe it proper to convict a person for aggravated battery and simultaneously for homicide as a result of one [gunshot] blast" and thus "[i]n [that] limited context the felonious conduct merged into the criminal act." Id. It accordingly vacated the defendant's sentence and conviction for aggravated battery.

Similarly, in Laines v. State, 662 So. 2d 1248, 1249 (Fla. 3d DCA 1995), receded from on other grounds, Grene v. State, 702 So. 2d 510 (Fla. 3d DCA 1996), the Third District held that a defendant's sentences for both second-degree murder and aggravated battery violated double jeopardy where the defendant killed the victim "by committing a series of rapidly successive violent acts within an extremely short time frame." The court did not cite to Mills. Instead, it relied in part on Florida's judicially

---

[2]Mills is a per curiam opinion with multiple concurring and dissenting opinions. Three justices joined the opinion in full. Overall, however, at least four justices agreed that "the legislature did not intend dual convictions for the same lethal act." 476 So. 2d at 180 (Overton, J., concurring in part and dissenting in part).

created single homicide rule, which provides that a criminal defendant can only be punished once for conduct causing another's death during one criminal episode. Id. at 1249 (citing Houser v. State, 474 So. 2d 1193, 1197 (Fla. 1985)). Based on this rule, the court concluded that "the defendant may not be punished for a single criminal homicide under two separate statutes, but only under one statute—namely, the second-degree murder statute." Id. at 1250.

The court in Laines also relied on Martin, explaining that "in a murder prosecution, the trial court may not instruct the jury on non-homicide [sic] lesser offenses like aggravated battery" where it is undisputed that the defendant killed the deceased "because there is no rational basis in the evidence to support a conviction for such an offense." Id. Accordingly, "a homicidal assault on a victim by a defendant resulting in the victim's death . . . constitutes a murder—and cannot possibly amount to a non-homicide [sic] offense instead of or in addition to the murder as there is no evidence to support it." Id.; see also Campbell-Eley v. State, 718 So. 2d 327, 329-30 (Fla. 4th DCA 1998) (relying on Laines to hold that a defendant's convictions for second-degree murder and aggravated battery on a pregnant woman based on the same homicidal assault violated double jeopardy).

Thus, the supreme court and two district courts of appeal have reached the conclusion that a defendant's sentence for both murder and aggravated battery based on a single homicidal assault violates double jeopardy. As recently as 2012, the supreme court affirmed its reasoning in Mills. See State v. Sturdivant, 94 So. 3d 434, 442 n.8 (Fla. 2012) ("The holding in Mills that the aggravated battery, a non-enumerated felony, merges with the homicide is consistent with the reasoning of this case as well as

- 7 -

the reasoning of other states applying the merger doctrine where the felony-murder statutes do not enumerate specific predicate felonies."). Barnett argues that the facts of his case cannot be distinguished in any meaningful way from Mills, Campbell-Eley, and Laines because his convictions were based on a single homicidal assault. We agree. Here, like Mills, where the victim's death was the result of a gunshot wound inflicted by the defendant, a single act by Barnett—pushing the victim against the wall of the jail cell—resulted in the victim's death. Thus, Mills is controlling to our case.

The State produces no compelling counterargument. It does not attempt to distinguish Mills but instead asserts that Mills is no longer good law based on the supreme court's decision in Lukehart v. State, 776 So. 2d 906, 923 (Fla. 2000). In Lukehart, however, the supreme court was confronted with a double jeopardy challenge to a defendant's convictions for felony murder and aggravated child abuse—a qualifying felony under Florida's felony murder statute. Id. at 922-23. The court held that a "defendant can be convicted of both felony murder and the qualifying felony because the felony murder statute says so." Id. at 922 (quoting Green v. State, 680 So. 2d 1067, 1068 (Fla. 3d DCA 1996)). The case is thus distinguishable because, as we have explained, aggravated battery is not a qualifying felony under Florida's felony murder statute. The court in Lukehart simply recognized that Mills did not apply to the defendant's case. See id. at 923 (finding no merit to the defendant's claim that Mills should control). Had the legislature intended to enumerate aggravated battery in the felony murder statute as a qualifying offense, it would have done so.

Moreover, we have not found a single Florida case upholding a defendant's conviction for aggravated battery where the defendant was also convicted

for a homicide offense resulting from the same criminal conduct.  Therefore, based on the reasoning of Mills, Laines, and Campbell-Eley, we conclude that Barnett's convictions for first-degree felony murder and aggravated battery based on a single criminal act violate double jeopardy under the merger doctrine.  See also Williams v. State, 90 So. 3d 931, 934 (Fla. 1st DCA 2012) ("The Florida Supreme Court has held that section 775.021, Florida Statutes, does not abrogate the merger principle, which prohibits multiple punishments for a single killing." (citing Goodwin v. State, 634 So. 2d 157, 157-58 (Fla. 1994) (Grimes, J. concurring))).

Additionally, while his appeal was pending, Barnett filed a motion to correct sentencing error pursuant to Florida Rule of Criminal Procedure 3.800(b).  When the trial court pronounced Barnett's sentences, it awarded him credit for all time served.  However, the written judgment notes no credit for the time Barnett had already served.  In his rule 3.800(b) motion, he argued that he was entitled to 2692 days of jail credit for each count.  The trial court agreed and rendered an order awarding him "jail credit totaling 2,692 [sic] days."  The corrected sentence, however, awarded him only 2687 days of jail credit.  We therefore remand for the entry of an amended sentence reflecting the 2692 days of jail credit awarded by the trial court.  See Hagan v. State, 193 So. 3d 1008, 1009 (Fla. 2d DCA 2016).

In summary, because Barnett's convictions for first-degree felony murder and aggravated battery on a law enforcement officer violate double jeopardy, we reverse and remand with instructions for the trial court to vacate Barnett's conviction and sentence for aggravated battery on a law enforcement officer.  Mills, 476 So. 2d at 179 (vacating conviction and sentence for aggravated battery).  We further remand for

the entry of an amended sentence reflecting the 2692 days of jail credit awarded by the trial court.  We affirm Barnett's convictions and sentences for first-degree felony murder and resisting an officer with violence.[3]

Affirmed in part; reversed in part; remanded with instructions.


SILBERMAN and SALARIO, JJ., Concur.

---

[3]We have considered all arguments raised by Barnett in this appeal and affirm in all other respects.