DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**JORDAN DAWKINS,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D2024-2870

[March 25, 2026]

Appeal from the Circuit Court for the Nineteenth Judicial Circuit, Indian River County; Robert B. Meadows, Judge; L.T. Case Nos. 312018CF000445A and 312020CF000875A.

Daniel Eisinger, Public Defender, and Devin Johnson, Assistant Public Defender, West Palm Beach, for appellant.

James Uthmeier, Attorney General, Tallahassee, and Deborah Koenig, Senior Assistant Attorney General, West Palm Beach, for appellee.

LOTT, J.

Jordan Dawkins, the defendant below, was convicted of both first and second-degree murder with a firearm (among other things). He was sentenced to life in prison for both offenses. He asserts, and the State concedes, a double jeopardy violation occurred. But the State argues that the double jeopardy in which the defendant was admittedly placed was harmless. We are constrained to disagree and reverse for correction.[1]

The defendant and a co-defendant were charged by the State with (1) first-degree felony murder with a firearm, (2) attempted robbery with a deadly weapon causing death, and (3) conspiracy to commit robbery with a deadly weapon. The defendant was also charged, under a separate case number, with second-degree murder with a firearm. The two sets of charges were consolidated before proceeding to trial. The defendant's case was severed from his co-defendant's case.

---

[1] We summarily affirm on all other issues raised in the appeal.

The evidence at trial reflected the following. The victim robbed the defendant and his pregnant girlfriend with a firearm. The next day, the victim was shot and killed as he entered his hotel room. The State alleged at trial that the defendant and his co-defendant had killed the victim while attempting to recover the stolen money. Surveillance cameras at the hotel captured the shooting. The first-degree felony murder and second-degree murder charges both arose from the same homicide.

After trial, the jury found the defendant guilty as charged on all counts. The defendant received a life sentence on first-degree felony murder (Count One), with a 25-year mandatory minimum. On Counts Two and Three, he received consecutive 20-year sentences. As to Count Four, he received a life sentence, consecutive to the other three charges. This appeal follows.

Double jeopardy concerns involve a pure question of law and are subject to de novo review. *See Trotter v. State*, 825 So. 2d 362, 365 (Fla. 2002). "A double jeopardy violation is fundamental error that may be addressed for the first time on appeal." *Richardson v. State*, 387 So. 3d 490, 492 (Fla. 1st DCA 2024).

"[F]irst-degree felony murder and second-degree murder are degrees of the same offense." *Gould v. State*, 397 So. 3d 268, 270 (Fla. 1st DCA 2024). Dual convictions for offenses which are "degrees of the same offense as provided by statute" are barred. § 775.021(4)(b)2., Fla. Stat. (2018); *see also Velazco v. State*, 342 So. 3d 614, 619 (Fla. 2022) ("Because [the two criminal offenses] are degree variants of the same offense under section 775.021(4)(b)2., we hold that dual convictions for both offenses as to the same victim arising from a single episode violate the prohibition against double jeopardy."); *Gould*, 397 So. 3d at 270 ("Because first-degree felony murder and second-degree murder are degrees of the same offense, Gould's conviction and life sentence on both counts violates the prohibition against double jeopardy.").

The defendant argues fundamental error occurred as he was convicted of two different murder charges—first-degree felony murder with a firearm and second-degree murder with a firearm—stemming from one single death. He argues that a conviction for two offenses that are degrees of the same offense is barred by double jeopardy and requests a new sentencing hearing.

The State concedes that the dual convictions for first-degree felony murder and second-degree murder are improper and violate double jeopardy, and that the conviction for second-degree murder must be vacated. However, the State argues that resentencing is not necessary, as

the record suggests that the trial court would have imposed the same sentence, and any error is harmless. The State points out that the scoresheet did not contain the second-degree murder charge.[2]

But "[a] double jeopardy violation is not rendered harmless simply because the defendant is not sentenced for both of the convictions or because they were not both scored on the guidelines scoresheet." *Bolding v. State*, 28 So. 3d 956, 957 (Fla. 1st DCA 2010); *see also Wilkes v. State*, 123 So. 3d 632, 635 (Fla. 4th DCA 2013) ("Therefore, allowing both convictions to stand, yet withholding the imposition of sentence for one of the offenses, does not cure the double jeopardy violation as it is 'the record of appellant's conviction [that] constitutes the violation of double jeopardy.'" (citations omitted)).

Also, while the second-degree murder charge was not explicitly included on the scoresheet, the last page of the scoresheet, below "total sentence imposed" reflects a checked box for "life" and "x2." This suggests the defendant was sentenced to life for each murder conviction.

Therefore, we reverse the defendant's conviction of second-degree murder (Count Four), and remand solely with directions to strike that conviction and amend the defendant's scoresheet accordingly. We otherwise affirm.

*Affirmed in part, reversed in part, remanded.*

GROSS and CIKLIN, JJ., concur.

*        *        *

**Not final until disposition of timely-filed motion for rehearing.**

---

[2] The scoresheet did not contain the second-degree murder charge, and it only listed the charges of attempted robbery with a deadly weapon (Count Two) and conspiracy to commit robbery with a deadly weapon (Count Three). It was mentioned at sentencing that the first-degree felony murder charge was not listed on the scoresheet because it carried a mandatory life sentence.